**COMMONWEALTH OF KENTUCKY,**
Appellant,

v.

**Gerald YOUNG, Appellee.**

**No. 2005–SC–000556–DG.**

Supreme Court of Kentucky.

Nov. 22, 2006.

Rehearing Denied Feb. 22, 2007.

Gregory D. Stumbo, Esq., Attorney General of Kentucky, Matthew B. Krygiel, Esq., Assistant Attorney General, Office of the Attorney General, Frankfort, Counsel for Appellant.

Milton C. Toby, Esq., Georgetown, Counsel for Appellee.

Opinion of the Court by Justice MINTON.

We accepted review of the Court of Appeals's decision that reversed the trial court's denial of post-conviction relief to Gerald Young. The issue we must decide is whether, in the context of a collateral attack on a judgment of conviction, prejudice to the defendant must be presumed from trial counsel's failure to object to the allocation of an inadequate number of peremptory challenges. The Court of Appeals answered this question affirmatively. We disagree and, thus, reverse.

## I. FACTS AND PROCEDURAL HISTORY.

The jury convicted Young of murder by complicity, and the trial court followed the jury's recommendation by sentencing him to death. On direct appeal, we reversed the sentence imposed by the judgment and remanded the case to the trial court to conduct a new sentencing phase of the trial proceeding. Our opinion summarized the pertinent facts and our holding as follows:

On June 13, 1997, Osama Shalash was fatally shot in the Lexington Mall parking lot in front of Perkins' Restaurant in Lexington, Kentucky. Appellants Gerald Young, Erskin Thomas and Darrell Morbley were jointly indicted for his murder. At trial, the Commonwealth proved that Shalash and Young were cocaine traffickers and that Young regularly purchased large quantities of cocaine from Shalash for resale to lesser dealers. There was evidence that Young intended to purchase $50,000.00 worth of cocaine from Shalash, but that Shalash only had $25,000.00 worth of cocaine to sell. Young paid Shalash $25,000.00 for the cocaine and entrusted the remaining $25,000.00 to the possession of one of Young's associates, Leslie Mulligan. There was evidence that Young had previously "shorted" Shalash on another drug transaction. The Commonwealth's theory of the case was that Shalash robbed Mulligan of the $25,000.00 at gunpoint; and, in revenge, Young hired Thomas to kill Shalash. To that end, Young arranged a meeting with Shalash at the Lexington Mall parking lot. Morbley, another of Young's associates, drove Thomas to and from the Lexington Mall where Thomas shot and killed Shalash. Thomas was convicted of murder and sentenced to life in prison without benefit of probation or parole for twenty-five years. Young was convicted of complicity to murder and sentenced to death. Morbley was convicted of facilitation of murder and sentenced to five years in prison. Young and Thomas appeal to this Court as a matter of right. Ky. Const. § 110(2)(b); [Kentucky Revised Statutes] KRS 532.075(1). Morbley's appeal was transferred to this Court so that all

three appeals could be considered to-gether. [Kentucky Rules of Civil Proce-dure] CR 74.02(2). We reverse Young's sentence of death because there is no aggravating circumstance applicable to his participation in the murder of Sha-lash. KRS 532.025(2), (3). In all other respects, the convictions and sentences imposed upon Appellants are affirmed.[1]
At the conclusion of the trial on remand, the trial court sentenced Young to life in prison. And Young filed a second direct appeal. While the second direct appeal was pending in this Court, Young filed a motion in the trial court for relief from the judgment under Kentucky Rules of Crimi-nal Procedure (RCr) 11.42.

While Young's RCr 11.42 motion raised several issues, his main argument was that he received one less peremptory challenge at trial than he was entitled to receive under our construction of RCr 9.40 and that his counsel was ineffective for failing to raise an objection at trial to this improp-er allocation of strikes.[2] We expressly declined to review the peremptory chal-lenge issue on Young's first direct appeal because it was not properly preserved.[3]

The trial court denied Young's RCr 11.42 motion without holding a hearing, a decision he appealed to the Kentucky Court of Appeals. While that appeal was pending in the Court of Appeals, we issued our opinion in Young's second direct ap-peal. We affirmed the judgment and sen-tence of life imprisonment.[4]

A little over a year later, the Court of Appeals decided Young's appeal from the denial of his RCr 11.42 motion.[5] The Court of Appeals affirmed the trial court's decision to deny Young relief on all issues in his RCr 11.42 motion, except Young's claim that his counsel was ineffective for failing to object to the improper allocation of peremptory challenges. The Court of Appeals found that Young's failure to ob-ject to the improper allocation of peremp-tory challenges meant that his counsel's performance was deficient as a matter of law. The Court of Appeals then held that it would presume that counsel's deficient performance prejudiced Young because a trial court's failure to allocate the proper number of peremptory challenges man-dates reversal on direct appeal.[6] We

1. *Young v. Commonwealth*, 50 S.W.3d 148, 155 (Ky.2001).

2. *See Springer v. Commonwealth*, 998 S.W.2d 439 (Ky.1999). Of course, *Springer* was ren-dered after Young's original trial and convic-tion.

3. *Young*, 50 S.W.3d at 163 ("[s]ince this was a joint trial of three defendants and alternate jurors were being seated, Appellants were en-titled to a total of fifteen peremptory strikes. RCr 9.40; [*Springer v. Commonwealth*, 998 S.W.2d 439, 443–445 (Ky.1999)]. Instead, they were allotted a total of only twelve [sic] peremptories. As in [*Gabow v. Common-wealth*, 34 S.W.3d 63, 74–75 (Ky.2000)], Ap-pellants did not object to the trial judge's erroneous interpretation of RCr 9.40 but ar-gued only that the trial judge had the discre-tion to grant more peremptory strikes to de-fendants in a death penalty case than are

required by the rule. Thus, as in [*Gabow*], this issue was not preserved for appellate review. [*Kentucky Farm Bureau Mut. Ins. Co. v. Cook*, 590 S.W.2d 875, 877 (Ky.1979)].") All parties now agree that our notation in *Young* that defendants received only twelve peremptories was erroneous because the de-fendants actually received fourteen perempto-ry challenges.

4. *Young v. Commonwealth*, 129 S.W.3d 343 (Ky.2004).

5. *Young v. Commonwealth*, 2003–CA–001342–MR, 2005 WL 1415573 (rendered June 17, 2005).

6. *See, e.g., Cook*, 590 S.W.2d at 877 (holding that "proper allocation [of peremptory chal-lenges] between litigants is a substantial right which so pervades the process that its errone-ous application requires reversal as a matter

granted the Commonwealth's motion for discretionary review and now reverse the Court of Appeals's decision on that point.[7]

## II. ANALYSIS.

### A. Standard of Review.

■ Our review of Young's claim of ineffective assistance of counsel is guided by the United States Supreme Court's landmark decision in *Strickland v. Washington*.[8] Under *Strickland*, a petitioner alleging ineffective assistance of counsel must make two distinct showings. First, the petitioner must show that his counsel's performance was deficient.[9] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[10] Second, a petitioner must show that his counsel's deficient performance caused him to suffer prejudice.[11] "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

whose result is reliable."[12] The petitioner must make both showings, or a reviewing court cannot grant relief.[13]

### B. Prejudice Must Be Shown and May Not Be Presumed.

■ Two facts are clear: (1) Young and his co-defendants received one less peremptory challenge at trial than they were entitled to under our later elucidation of RCr 9.40 in *Springer* and (2) Young's counsel did not object to that improper allocation. And the Court of Appeals held that counsel's failure to object to this improper allocation of peremptory challenges constituted deficient performance by counsel. But we do not need to decide whether Young's counsel's failure to object to the improper allocation of peremptory challenges met the deficient performance prong of *Strickland* because we conclude that Young has not met the prejudice prong of *Strickland*.[14]

of law if the issue is properly preserved by the adversely affected litigant.").

7. Young did not file a cross-motion for discretionary review. So the issues raised in his RCr 11.42 motion that the Court of Appeals determined were properly denied by the trial court are not before us. *Perry v. Williamson*, 824 S.W.2d 869, 871 (Ky.1992) ("[o]ur rules are specific that if the motion for discretionary review made by the losing party in the Court of Appeals is granted, it is then incumbent upon the prevailing party in the Court of Appeals to file a cross-motion for discretionary review if respondent wishes to preserve the right to argue issues which respondent lost in the Court of Appeals, or issues the Court of Appeals decided not to address. If the party prevailing in the Court of Appeals wishes further consideration of such issues along with the issues for which discretionary review has been granted, the prevailing party *must* file a cross[-]motion for discretionary review.").

8. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Gall v. Commonwealth*, 702

S.W.2d 37, 39 (Ky.1985) ("[t]his court is bound by the principles established by the Supreme Court of the United States in [*Strickland*] in the context of analyzing ineffective assistance of counsel claims under the Sixth and Fourteenth Amendments.").

9. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

10. *Id.*

11. *Id.*

12. *Id.*

13. *Id.*

14. *Id.* at 697, 104 S.Ct. 2052 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

■ If properly preserved, an improper allocation of peremptory challenges may be grounds for an automatic reversal on a direct appeal.[15] But this per se reversal rule can apply only to direct appeals where the error is properly preserved, not to collateral attacks where the error was unpreserved.

The Court of Appeals erred in two ways by applying the per se reversal rule to Young's RCr 11.42 motion. First, the standards governing relief on RCr 11.42 motions are more stringent than those governing direct appeals. As the Court of Appeals has noted, "[t]here are errors which would require reversal on direct appeal but which do not justify vacating a judgment of conviction by a motion under RCr 11.42." [16] So the putative per se reversal rule for improper allocation of peremptory challenges that may apply on direct appeal cannot be mechanically applied to collateral attacks on the judgment of conviction.

Second, *Strickland* expressly requires, with a few limited exceptions inapplicable to the case before us, a movant claiming ineffective assistance of counsel to make an affirmative showing that counsel's al-

leged deficiencies resulted in demonstrable prejudice.[17] Thus, the Court of Appeals erred when it held that Young was entitled to a presumption of prejudice stemming from his counsel's failure to object to the improper allocation of peremptory challenges, meaning that we now must determine whether Young has met the prejudice prong of *Strickland.*

Young's principal argument regarding prejudice is his repeated assertion that he would have been entitled to receive a new trial on appeal if his counsel had properly objected to the trial court's improper allocation of peremptory challenges and if the trial court had overruled the objection. But Young's argument is inapposite because the focus of the prejudice prong must be on whether there is a reasonable probability that Young's trial would have ended with a different result, not his appeal. As noted by the Eleventh Circuit, "[t]he Supreme Court in [*Strickland*] told us that when the claimed error of counsel occurred at the guilt stage of a trial (instead of on appeal) we are to gauge prejudice against the outcome of the trial: whether there is a reasonable probability of a different result at trial, not on ap-

**15.** *Cook,* 590 S.W.2d at 877; *Springer,* 998 S.W.2d at 444–445. Because it is unnecessary to the resolution of this case, we express no opinion whether *Morgan v. Commonwealth,* 189 S.W.3d 99 (Ky.2006), which was rendered after the Court of Appeals's decision in Young's case and in which we held that a defendant's right to be tried by an impartial jury is only violated if an unqualified juror actually participates in the decision, affects *Cook* 's per se reversal rule for properly preserved claims of improper allocation of peremptory challenges.

**16.** *Schooley v. Commonwealth,* 556 S.W.2d 912, 917 (Ky.App.1977). *See also Commonwealth v. Pelfrey,* 998 S.W.2d 460, 462 (Ky. 1999) (quoting *Schooley* ).

**17.** *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052 ("actual ineffectiveness claims alleging a defi-

ciency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.").

peal."[18] So our focal point must be on whether Young received a fundamentally fair and reliable trial, not whether he would have been successful on appeal.[19]

Viewed in that light, Young's RCr 11.42 motion must fail because he does not allege any identifiable prejudice at trial that resulted from his counsel's alleged error (*e.g.*, that he would have struck a particular juror with the extra peremptory challenge). Because it clearly does not meet *Strickland*'s requirement that a post-conviction petitioner make a showing of identifiable prejudice, Young's RCr 11.42 motion must be denied.

### III.  CONCLUSION.

For the foregoing reasons, the decision of the Court of Appeals is reversed; and the trial court's order denying Gerald Young's RCr 11.42 motion is reinstated for the reasons set forth in this opinion.

All concur.

---

**18.**  *Purvis v. Crosby,* 451 F.3d 734, 739 (11th Cir.2006).

**19.**  *Lockhart v. Fretwell,* 506 U.S. 364, 369–370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) ("[t]hus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.") (internal footnote omitted).