COMMONWEALTH of Kentucky,
Appellant

v.

Leslie L. LAWSON, Appellee.

No. 2012–SC–000614–DG.

Supreme Court of Kentucky.

June 19, 2014.

Rehearing Denied Oct. 23, 2014.

⊶1901

Jack Conway, Attorney General of Kentucky, Heather Michelle Fryman, Assistant Attorney General, for Appellant.

Margaret Anne Ivie, Assistant Public Advocate, for Appellee.

Opinion of the Court by Justice SCOTT.

## I. BACKGROUND

In 1999, a Laurel Circuit Court jury found Appellee, Leslie Lawson, guilty of second-degree arson, second-degree burglary, and of being a first-degree persistent felony offender (PFO), for which Appellee was sentenced to a total of eighty years' imprisonment. However, it is uncontested that the trial court erred by giving Appellee only nine peremptory strikes during *voir dire*, instead of the eleven to which he was entitled. RCr 9.40. Due to Appellee's counsel's failure to preserve the error at trial, this Court declined to review the issue of strike misallocation on direct appeal, and confirmed Appellee's conviction. *Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky.2001). Because of counsel's failure to object, Appellee ultimately filed a motion pursuant to RCr 11.42 to vacate his sentence for ineffective assistance of counsel (IAC).

Thereafter, the trial court issued an order denying Appellee's motion without an evidentiary hearing. Appellee appealed this issue to the Court of Appeals, which reversed the order of the trial court and remanded the matter for an evidentiary hearing on whether Appellee was prejudiced by his counsel's error.

At the evidentiary hearing, Appellee claimed he would have used his two other peremptory strikes on Jurors 44 and 47, asserting that during *voir dire:* (1) neither juror was forthcoming in answering questions, (2) Juror 47's body language made her appear biased in favor of the Commonwealth, and (3) these two jurors had "gathered together" when the video record was not recording.

Following review, the trial court found Appellee's allegations were not supported by the trial record, and thus, were not

credible, leading the trial court to deny Appellee's RCr 11.42 motion. Appellee again sought review from the Court of Appeals, which rejected the findings of the trial court and reversed the trial court's decision to deny Appellee's motion, finding that Appellee had sufficiently proven his IAC claim.

Appellant, the Commonwealth of Kentucky, then sought discretionary review of the Court of Appeals' decision arguing that: (1) the Court of Appeals improperly relied on *Shane v. Commonwealth*, 243 S.W.3d 336 (Ky.2007), in rendering its opinion; (2) the Court of Appeals improperly found the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) was satisfied; and (3) the Court of Appeals improperly created a *per se* reversal rule using *Shane*. We granted review and now reverse the Court of Appeals for reasons that follow.

## II. ANALYSIS

### A. Timing and Applicability of *Shane v. Commonwealth*

■ The Commonwealth argues that the Court of Appeals improperly applied *Shane* retroactively. 243 S.W.3d 336. Specifically, the Commonwealth argues that because *Shane* does not apply to post-conviction cases, and was not the law at the time of Appellee's conviction, it does not apply to the present case.

In *Shane*, the trial court erred in failing to strike a juror for cause, forcing Appellant to, instead, use a peremptory strike. Such an error was grounds for reversal without a determination of whether the error was harmless, as it constituted a violation of a substantial right, for reasons that: "an entitlement … has been given to a defendant by way of process, and if an act of the trial court negates that process, reversal is required." *Id.* at 340–41.

■ However, *Shane* is readily distinguishable from the case at bar, as it was decided on direct appeal in which the error was preserved at trial, as opposed to an RCr 11.42 claim like the present case, in which Appellant alleges IAC in a collateral attack on his conviction. Moreover, there is a clear delineation between RCr 11.42 motions and direct appeals:

> First, the standards governing relief on RCr 11.42 motions are more stringent than those governing direct appeals. As the Court of Appeals has noted, "[t]here are errors which would require reversal on direct appeal but which do not justify vacating a judgment of conviction by a motion under RCr 11.42." So the putative per se reversal rule for improper allocation of peremptory challenges that may apply on direct appeal cannot be mechanically applied to collateral attacks on the judgment of conviction.

*Commonwealth v. Young*, 212 S.W.3d 117, 121 (Ky.2006) (*citing Schooley v. Commonwealth*, 556 S.W.2d 912, 917 (Ky.App. 1977)).

The importance of peremptory challenges on direct appeal and *Shane* simply does not impact analysis in the context of a collateral attack. In *Shane*, "the correct inquiry is … whether [the error] deprived the defendant of a substantial right." 243 S.W.3d at 341. There, this Court found that peremptory strikes are a substantial right, and that deprivation of a substantial right cannot be deemed harmless on direct appeal. *Id.* at 340–41. Therefore, the Court of Appeals mistakenly applied this reasoning to the present case involving a collateral attack, finding that the mere fact that Appellee was deprived of two peremptory challenges meant he automatically suffered prejudice. This, of course, is inconsistent with the analysis required in IAC cases. *See Strickland*, 466 U.S. at

693, 104 S.Ct. 2052; *Young,* 212 S.W.3d at 121.

■ The Commonwealth also argues that *Shane* cannot be considered persuasive authority because it was decided after Appellant's conviction. In *Leonard v. Commonwealth,* 279 S.W.3d 151 (Ky.2009), this Court addressed when new rules can be retroactively applied. Notably, we held that new rules to be applied within a collateral attack itself can be retroactively applied to cases already closed on direct appeal, as long as the collateral attack is still open. However, *Shane* deals with a new rule to be applied on direct appeal, not on collateral attack. Because Appellee's direct appeal has already been finalized, *Shane* does not retroactively apply to this collateral attack.

As even Appellee notes, *Thomas v. Commonwealth,* 864 S.W.2d 252 (Ky.1993), was the law in place at the time of Appellee's trial and appeal. Furthermore, it would not matter whether *Shane* or *Thomas* applied. Like *Shane, Thomas* was a direct appeal case which held that peremptory challenges were a substantial right of the defendant. *Thomas,* 864 S.W.2d at 259.[1] Although both cases elevated the importance of the right to peremptory strikes, both are limited to direct appeals. Therefore, regardless of whether *Thomas* or *Shane* applied, the conclusion is the same, because neither case applies to collateral attacks.

Thus, the Court of Appeals erred in relying on *Shane* in reversing the decision of the trial court.

---

**1.** *Thomas* was overruled by *Morgan v. Commonwealth,* 189 S.W.3d 99 (Ky.2006), which held that peremptory challenges were not a substantial right. *Morgan* was then overruled by *Shane.*

**2.** We acknowledge Justice Noble's dissent, however, we believe that the attorney's negligence in this case does not require reversal of

## B. *Strickland* Prejudice Analysis

■ Kentucky courts have adopted the two-prong analysis established in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, to determine whether to invalidate a criminal conviction based upon a claim of IAC. *Strickland* requires that: (1) the court find that counsel was ineffective, *and* (2) that the client suffered demonstrable prejudice as a result of that ineffective assistance.[2] *Id.* at 693, 104 S.Ct. 2052.

In performing its analysis, the trial court found that Appellee satisfied the first prong of *Strickland* given his counsel's failure to object to the strike misallocation. However, it went on to determine that Appellee failed to satisfy the second prong, given that he could not demonstrate that his inability to strike these two jurors resulted in any demonstrable prejudice.

■ The second prong of *Strickland* requires "demonstrable prejudice." *See Young,* 212 S.W.3d at 121. As this Court explained further in *Young,* "our focal point must be on whether [the defendant] received a fundamentally fair and reliable trial...." *Id.* at 122. In *Young,* appellant's counsel failed to object to an improper allocation of peremptory strikes, *id.* at 118, but the appellant's RCr 11.42 motion was denied because he did not "allege any identifiable prejudice at trial that resulted from his counsel's alleged error," *id.* at 122.

■ Here, although Appellee alleges that he suffered prejudice based upon the

Appellant's conviction because there was no demonstrable prejudice as a result of that negligence, as required by the second prong of *Strickland.* To reverse on this issue under these facts would create an exception, bypassing our long-term allegiance to the *Strickland* analysis in these situations.

fact that he was not allowed to strike two specific jurors, the trial court found that the record did not support Appellee's allegations. For example, Appellee claimed that Juror 47 did not appear "forthcoming with her answers" during *voir dire*. However, the trial record shows that Juror 47 was never asked any direct questions during *voir dire*. The same was true for Juror 44. Additionally, Appellee stated that he did not like the "vibes" he was getting from Juror 47, and thought she was showing favoritism toward the Commonwealth, but could not articulate a specific reason why. Finally, Appellee testified that Jurors 44 and 47 were "gathering together" during *voir dire*, yet the trial recording of *voir dire* indicates that the two jurors sat nowhere near one another.[3]

We agree with the trial court that Appellee failed to demonstrate how he was prejudiced by not being able to strike these two jurors. Simply stating that he would have stricken them is not sufficient to satisfy demonstrable prejudice, because there is no indication that he received anything less than a reliable trial. As the trial court reasoned, to find prejudice merely because Appellee identified two jurors he would have stricken would be no different than creating a *per se* reversal rule in IAC cases.

Similar to the present case, in *Gillie v. Commonwealth*, 2006–CA–000325–MR, 2007 WL 706846 (Ky.App. Mar.9, 2007), the defendant made an RCr 11.42 motion alleging IAC. Though the case is not binding authority, in *Gillie* the defendant also named the juror he would have stricken with the peremptory strike he was denied. *Id.* There, the trial court also concluded that even though the defendant argued he did suffer a specific, identifiable prejudice as a result of his counsel's error, the actual findings did not support the defendant's claim. *Id.* The trial court further determined that the defendant lacked credibility, and thus his testimony carried no indicia of trustworthiness. *Id.* Because the trial court rejected the defendant's contentions about the juror he allegedly would have stricken, the court found that the defendant failed to establish any demonstrable prejudice. *Id.*

In the present case, the Court of Appeals reversed the trial court, holding instead that both prongs of *Strickland* were satisfied because Appellee's counsel erred to the substantial detriment of his client. In doing so, it rejected the credibility findings of the trial court, and made the peremptory strike error grounds for *per se* reversal. The Court of Appeals reasoned that because deprivation of a peremptory strike in *Shane*, 243 S.W.3d 336, was considered a violation of a substantial right, and therefore could not be held harmless, analogously, the misallocation of strikes here should result in an automatic finding of prejudice. *Shane*, 243 S.W.3d at 343. However, because *Shane* is distinguishable from the present case, as discussed in detail above, we find no merit in this holding.

This Court has long held that the trial court is in the superior position to judge witness credibility and the weight to be given to witness testimony. *Kotas v. Commonwealth*, 565 S.W.2d 445, 447 (Ky.1978). Such judgment is critical in a *Strickland* analysis to determine whether an Appellant has shown "demonstrable prejudice" resulting from his counsel's error. *Young*, 212 S.W.3d at 121.

3. While Appellee claimed that this "gathering together" occurred during times when the video record was not recording, we find this unpersuasive as well. When the recording is turned off, court is not in session and jurors are free to move around and talk to one another, and many do just that.

In the present case, Appellee claimed he was prejudiced as a result of not being able to strike two jurors whom he claimed were biased in favor of the Commonwealth. The trial court was in the superior position to judge the credibility of that claim, and to determine whether the evidence satisfied the prejudice prong of *Strickland.* The trial court found, just as the court in *Gillie,* that Appellee's claims were not credible, and thus, no demonstrable prejudice resulted from counsel's error.

Therefore, the trial court appropriately determined that Appellee failed to satisfy the second prong of *Strickland.* For these reasons, we reverse the Court of Appeals' opinion on this issue and reinstate the trial court's ruling.

### C. *Per Se* Reversal

Lastly, Appellant argues that the Court of Appeals improperly made a *per se* reversal rule. Specifically, Appellant alleges that by improperly relying on *Shane,* the Court of Appeals created an automatic grounds for reversal when peremptory strikes are misallocated on collateral attack.

The Court of Appeals noted the importance of peremptory strikes in *Shane,* where misallocation of strikes was automatic grounds for reversal, and applied the same rule to the present case. However, as we previously established, *Shane* is distinguishable and inapplicable to IAC cases. Thus, we do not find it necessary to address this argument further.

### III. CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals and reinstate the trial court's denial of Appellee's RCr 11.42 motion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, and VENTERS, JJ., concur.

NOBLE, J., dissents by separate opinion which KELLER, J., joins.

### NOBLE, J., DISSENTING:

Respectfully, I believe the majority misperceives the argument in this case based on *Shane v. Commonwealth,* 243 S.W.3d 336 (Ky.2007). Appellee Lawson is not claiming that *Shane* requires reversal of his conviction on this collateral claim. Instead, he claims that his attorney's *negligence* requires reversal through this collateral attack. Lawson claims that his trial counsel was ineffective because he did not object, and thus preserve the error, when the trial court failed to give him the eleven peremptory strikes to which he was entitled at trial. Instead, he received only nine. This court held in *Shane* that peremptory strikes were the grant of a substantial right under Kentucky law, and that error in allowing full and free use of peremptory strikes required reversal of the defendant's conviction.

Negligent representation by trial counsel that caused the loss of two peremptory strikes deprived Lawson of that substantial right. If a right is substantial, then its loss cannot be anything but prejudicial. It cannot be reasonably argued that this loss of peremptory strikes was trial strategy. Thus the attorney's failure did cause prejudice to Lawson as prejudice is defined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

It is not debatable that counsel was ineffective in failing to obtain Lawson's full number of peremptory strikes. Thus, the first prong of the *Strickland* test is met. Under the second prong, demonstrable prejudice, Lawson was not required to show how his use of those two peremptory strikes would have affected the outcome of

the trial, as the majority states. Instead, because of what a peremptory strike is under Kentucky law—a substantial right—he had only to show that he was deprived of that right. That showing alone establishes prejudice. *Shane*, 243 S.W.3d at 339. This is no different than if he were denied the right to cross examine a witness, or to offer proof if he wished. The fundamental nature of these rights is such that *no* trial can be fair in their absence. Prejudice is demonstrated when the right is denied by the attorney's negligence. Thus, Lawson has shown all that was necessary to prove his ineffective assistance of counsel claim. It is also true that the actual denial of the peremptory strikes would require reversal on a direct appeal, but here the ground for reversal is that the attorney negligently lost Lawson two peremptory strikes.

Consequently, I would affirm the Court of Appeals.

KELLER, J., joins.