RENDERED: OCTOBER 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0917-MR

RICKY WELCH                                                      APPELLANT

v.            APPEAL FROM CARROLL CIRCUIT COURT
              HONORABLE R. LESLIE KNIGHT, JUDGE
              ACTION NO. 16-CR-00042

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Ricky Welch, proceeding *pro se*, appeals the Carroll

Circuit Court's May 13, 2020 order denying his RCr[1] 11.42 motion for ineffective

assistance of counsel. After careful review, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

In 2017, a jury convicted Appellant of first-degree robbery, kidnapping, third-degree burglary, and first-degree persistent felony offender. He was sentenced to fifty years in prison. He brought a direct appeal, but the Kentucky Supreme Court affirmed his conviction and sentence. *Welch v. Commonwealth*, 563 S.W.3d 612, 613 (Ky. 2018).

Thereafter, Welch sought appointment of counsel to pursue a RCr 11.42 motion claiming ineffective assistance of counsel during trial. The Carroll Circuit court granted that motion and considered Welch's claims of ineffective assistance of counsel which this Court now reviews.[2] Three required a hearing because they could not be resolved by examination of the record only. Welch does not dispute that the remainder could be so resolved.

On May 13, 2020, after conducting the evidentiary hearing, the circuit court denied Welch's RCr 11.42 motion. Welch now appeals *pro se*.

Welch advances six arguments for finding ineffective assistance of counsel. First, trial counsel should have raised actual innocence as a defense as a trial strategy. Second, counsel should have objected when the prosecution moved to suppress exculpatory evidence. Third, counsel failed to investigate or interview

---

[2] The Carroll Circuit Court dismissed five other ineffective assistance of counsel claims Welch brought for which a hearing was unnecessary.

witnesses prior to trial.  Fourth, counsel failed to call a witness concerning alibi evidence.  Fifth, counsel failed to challenge a biased juror.  Finally, counsel failed to properly explain the importance of a plea bargain.

## ANALYSIS

We begin by noting no defendant is entitled to perfect counsel; instead, every defendant is entitled to reasonably effective counsel.  *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011).  "In a motion brought under RCr 11.42, '[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding.'"  *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (quoting *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009)).

Additionally, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).  Thus, "[j]udicial scrutiny of counsel's performance [is] highly deferential."  *Id.* at 689, 104 S. Ct. at 2065.

When reviewing a RCr 11.42 claim for ineffective assistance of counsel, this court applies the two-part test articulated by the United States

Supreme Court in *Strickland v. Washington*. *See Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). To satisfy this test, the defendant must first show counsel's performance was so deficient the defendant did not receive counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002). Second, the defendant must show counsel's defective performance in some way prejudiced the defendant. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

To show prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. We also note that we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689; 104 S. Ct. at 2065.

*Asserting Actual Innocence During Trial*.

Welch claims his trial counsel's failure to argue actual innocence at trial constituted ineffective assistance of counsel. The circuit court analyzed the claim as a failure to present available exculpatory evidence because the essence of the claim is Welch's assertion that a person named Brian Smith told him that the

victim told Smith she was unsure her assailant was Welch. He asserts counsel should have called Brian Smith to testify to Welch's actual innocence.

At the RCr 11.42 hearing, Welch's counsel testified that she never heard the name Brian Smith. Rather, she said Welch identified another of her clients, Paul Blackburn, as the person who could provide the alleged exculpatory testimony of the victim's misidentification. She was unsuccessful in her attempts to contact Blackburn.

The circuit court found Welch's trial counsel's testimony more reliable and concluded her efforts did not constitute ineffective assistance of counsel. This Court "must always defer to the determination of facts and witness credibility made by the circuit judge" unless clearly erroneous. *Simmons*, 191 S.W.3d at 561. We see nothing clearly erroneous about the trial court's findings here.

*Failure to Challenge Suppressed Exculpatory Evidence*.

Next, Welch argues the prosecution destroyed or suppressed exculpatory evidence, and trial counsel failed to properly object to the exclusion of this evidence. The evidence in question is a video recording that came from a camera near the location of the attack. Additionally, Welch claims there was a second camera recording directly where the attack occurred, and trial counsel gave ineffective assistance when she failed to get video footage from this second

camera. However, evidence showed Welch's trial counsel requested evidence from both cameras during discovery and the record reveals no exculpatory evidence that the Commonwealth failed to produce. Accordingly, this argument is meritless.

*Failure to Conduct Pre-Trial Investigations*.

Welch claims his trial counsel failed to conduct pre-trial interviews and investigations into the charges brought against him. The crux of his argument here is that the lead investigator fabricated boot print evidence to frame Welch for the attack. Welch argues his trial counsel was ineffective when she failed to subpoena the lead investigator, who also happened to be with the victim when she identified Welch as her attacker. However, despite not subpoenaing the lead investigator, counsel did file a motion *in limine* to suppress the boot print evidence. Accordingly, the record shows Welch's trial counsel sufficiently challenged the boot print evidence for purposes of an ineffective assistance of counsel claim.

*Failure to Call a Witness to Establish an Alibi*.

Welch also argues his trial counsel failed to call a witness who would establish an alibi for him. He claims he was at someone's house when the attack occurred.[3] However, the record shows trial counsel did introduce alibi evidence, although that presented at trial is different than the alibi advanced on this appeal.

---

[3] Welch inconsistently identifies whose house he occupied at the time of the attack.

The record reveals nothing to support a claim that counsel was deficient in assisting Welch in presenting evidence of an alibi.

*Failure to Challenge a Biased Juror*.

Welch next challenges how his trial counsel dealt with a juror who knew Welch and was biased against him. The juror in question works for the housing authority where Welch lived. His trial counsel testified she did not remember Welch raising this concern with her, but if he had, she would have moved to strike the juror.

Welch's version of the facts, if believed, could be the basis of a claim for ineffective assistance of counsel as the circuit court noted. However, regarding Welch's claim he informed counsel of a biased juror, the order denying the RCr 11.42 motion says "the Court does not find Defendant's allegation . . . credible" and that, even if believed, "he did so *after* the jury was empaneled . . . ." (emphasis original). As our Supreme Court said under like circumstances:

> The trial court was in the superior position to judge the credibility of that claim, and to determine whether the evidence satisfied the prejudice prong of *Strickland*. The trial court found . . . that Appellee's claims were not credible, and thus, no demonstrable prejudice resulted from counsel's error.

*Commonwealth v. Lawson*, 454 S.W.3d 843, 848 (Ky. 2014). We reach the same conclusion here.

*Failure to Properly Advise Welch on the Importance of a Plea Bargain*.

Welch claims counsel failed to tell him of the plea bargain's significance, and he did not know how much time he could face if he went to trial.

> To support a defendant's assertion that he was unable to intelligently weigh his legal alternatives in deciding to plead guilty because of ineffective assistance of counsel, he must demonstrate the following: "(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial."

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (quoting *Sparks v. Commonwealth*, 721 S.W.2d 726, 727-28 (Ky. App. 1986)).

In reviewing the record, we conclude Welch fails to make either showing required. The circuit court gave more credibility to his trial counsel's testimony, in which she stated she clearly went over the terms of the plea bargain offered to him. She further testified he was adamant he would not do the time offered in the plea. Accordingly, Welch cannot sustain an ineffective assistance of counsel claim on this ground. Again, we will not second-guess the circuit court's credibility determinations.

## **CONCLUSION**

For the foregoing reasons, we affirm.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Ricky Welch, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky