RENDERED:  OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1129-MR

CORTES THORNTON                                                     APPELLANT

v.

APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 22-CR-00051

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Cortes Thornton (Thornton), appeals from an Order of the Graves Circuit Court that denied his RCr[1] 11.42 motion without conducting a hearing.  After our review, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

The underlying facts are summarized in the direct appeal, *Thornton v. Commonwealth*, No. 2023-SC-0231-MR, 2024 WL 646686 (Ky. Feb. 15, 2024), as follows in relevant part:

> Officer Cody Rogers received information that Thornton was selling crack cocaine out of his residence. Officer Rogers discovered Thornton had an outstanding arrest warrant on charges of first-degree burglary and fourth-degree assault. Based upon this information, Officer Rogers consulted with other officers . . . . A plan was established to serve the arrest warrant.
>
> The officers arrived at Thornton's residence shortly before midnight on December 2, 2021. . . . Officer Rogers approached . . . the front door and knocked . . . . From behind the closed door, Thornton asked who was there. Officer Rogers replied, "me." Thornton again asked who it was, and Officer Rogers repeated, "me." Thornton then stated, "Hang on, I've got something for you." Thornton unlocked and slightly opened the door. Hearing some noise inside the residence, Officer Rogers raised his firearm, activated his weapon-mounted flashlight, and stated, "Police." Almost simultaneously a shot was fired from within the residence through the door opening. Officer Rogers and the other officer took cover and were not hit by the gunfire. . . .
>
> . . . [Ultimately] Thornton . . . came out of the residence waving a white t-shirt before being arrested. Various officers, not including Officer Rogers, entered the residence to conduct a protective sweep for their safety to ensure no other persons were present. A search warrant was later obtained for the residence. The search revealed a quantity of marijuana, a small quantity of crack cocaine, scales, a loaded handgun, and two counterfeit $20 bills.

*Id.* at *1-2 (footnotes omitted).

Thornton was indicted on two counts of attempted murder of a police officer; first-degree trafficking in cocaine (second offense); criminal possession of a forged instrument; possession of handgun by a convicted felon; receiving stolen property (handgun); tampering with physical evidence; possession of marijuana; possession of drug paraphernalia; and being a first-degree persistent felony offender (PFO).

Thornton, by counsel, filed a motion to suppress evidence obtained from the search, arguing that Officer Rogers failed to comply with the Mayfield Police Department's knock-and-announce policy and further failed to properly identify himself as a police officer. Following a hearing, the trial court denied the motion to suppress.

Thornton then filed a motion to dismiss Counts 1 and 2 of the indictment (attempted murder of a police officer) based on putative immunity from prosecution under KRS[2] 503.085. Thornton argued that his actions were justified under KRS 503.050, the self-protection statute, and under KRS 503.055, which creates a presumption of "reasonable fear of imminent peril of death or great bodily harm" if the person against whom force is used "was in the process of unlawfully and forcibly entering . . . a dwelling . . . ."

_____

[2] Kentucky Revised Statutes.

Before the trial court ruled on Thornton's motion to dismiss, the parties reached an agreement. The attempted murder and drug charges were dismissed. Thornton entered a conditional *Alford*[3] plea to charges of criminal possession of a forged instrument; possession of a handgun by a convicted felon; receiving stolen property, firearm; tampering with physical evidence; and being a second-degree persistent felony offender. Thornton was sentenced to twenty-years' imprisonment.

In acknowledging the agreement of the parties, on May 12, 2023, the trial court entered an Order that "Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment is **NOW MOOT** . . . ." (Emphasis original.)

Thornton appealed to the Kentucky Supreme Court, which affirmed as follows in relevant part:

> The sole issue presented . . . is whether the trial court erred by denying Thornton's motion to suppress evidence obtained following the execution of a search warrant. . . .
>
> . . .
>
> [T]he search warrant was supported by probable cause. Officer Rogers had a valid felony warrant for Thornton's arrest. Certainly, an arrest warrant, taken alone, does not justify the wholesale search of a residence beyond that necessary to locate the suspect. But again, the search of the residence was not conducted pursuant to the arrest warrant. . . . Neither can we accept Thornton's claim that

---

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), holding that a person may accept a guilty plea while still maintaining his innocence.

> he was privileged to fire in self-defense pursuant to KRS 503.085 when the self-defense issue was not presented in his motion to suppress and he has otherwise failed to indicate whether the issue was properly preserved for review.

*Thornton*, 2024 WL 646686, at \*1, 5 (citations and footnote omitted).

On April 2, 2024, Thornton, *pro se*, filed a motion to vacate judgment pursuant to RCr 11.42. In his supporting memorandum, Thornton contended that:

> If defense counsel would not had [*sic*] lied to the movant knowing that his self defense claim would be rejected due to defense counsel not preserving properly for review. Also not raising the self defense in the suppression hearing so that movant could argue his claim in direct appeal the movant would never had signed to the plea, the movant would have elected to stand trial.
>
> . . .
>
> Trial Counsel lied to movant saying that the movant will more likely win the attempt [*sic*] murder charges but will get convicted for the gun and will get PFO 1 if the movant went to trial. Whole time if the movant would have won the case on attempted murder due to self-defense immunity. Movant would not be PFO 1 the movant would have been free of all charges. . . .

Thornton also contended that his counsel was ineffective by not investigating and moving to quash the indictments, an issue not before us. Thornton requested that the circuit court vacate his sentence, or alternatively, that it set the matter for an evidentiary hearing.

-5-

By Order entered on June 24, 2024, the circuit court denied

Thornton's RCr 11.42 motion as follows in relevant part:

> The Defendant alleges he received ineffective assistance of counsel. In order for an alleged fact to give rise to that remedy, it must demonstrate two (2) things: the error on the part of his attorney made the representation objectively unreasonable; and the error was so prejudicial that it deprived the Defendant of a fair trial. *Simmons v. Commonwealth*, 191 S.W.3d 557 (Ky. 2006). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222 (6th Cir. 1992). . . . [There] is a strong presumption that Defense counsel acted reasonably. *Strickland v. Washington*, 466 U.S. 668 (1984). . . .
>
> The Defendant alleges that his self defense claim was not preserved by [*sic*] the Supreme Court. The Defendant entered conditional pleas of guilty pursuant to *North Carolina* [*v.*] *Alford* . . . . None of these charges give [*sic*] rise to a self defense claim. A Motion to Dismiss Counts 1 and 2: Attempted Murder of a Police Officer was filed on May 8, 2023 and those Counts were dismissed on the Judgment and Sentence entered by this Court on **May 12, 2023** pursuant to the Commonwealth's plea offer. Even had the issue been preserved, been reviewed by the Supreme Court, and had the Defendant been convicted of something to which he could convincingly argue self-defense, he still would have lost. KRS 503 et seq. cannot logically be read to allow a person to open their own door and fire shots at somebody else for knocking on their door and not saying who they are. There was no rational basis for the Defendant to conclude that his life or property were about to be subjected to criminal conduct. He opened the door, armed, after making a vague threat about having something for the officers, and then shot without knowing who was there.

(Bold-face emphasis original.)  The circuit court determined that Thornton did not raise an issue of material fact which could not be contradicted by the record, thus negating the need for an evidentiary hearing.  It also determined that Thornton failed to show any error rising to the level of ineffective assistance of counsel under *Strickland*, *supra*.

Thornton now appeals.  As explained in *Stiger v. Commonwealth*, 381 S.W.3d 230, 235, 237 (Ky. 2012):

> [T]o be entitled to relief from a guilty plea on the ground of ineffective assistance of counsel, a RCr 11.42 movant must show both that counsel provided deficient assistance and that he, the movant, was prejudiced as a result.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.
>
> . . .
>
> In the guilty plea context, to establish prejudice the challenger must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Premo v. Moore*, ⸺ U.S. ⸺, 131 S. Ct. 733, 743, 178 L. Ed. 2d 649 (2011) (quoting from *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). . . .  [A]t the pleading stage it is movant's burden to allege specific facts which, if true, would demonstrate prejudice.  A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough.  *See*, *e.g.*, *United States v. Arteca*, 411 F.3d 315, 322 (2nd Cir. 2005).  The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or

the realistic potential for a lower sentence. . . .

(Footnote omitted.)

Thornton contends that the circuit court erred when it found that the grounds alleged in his RCr 11.42 motion failed to rise to the level of an error by his attorney that made the representation objectively unreasonable or so prejudicial that it deprived him of a fair trial. Thornton argues that defense counsel "was objectively unreasonable for waiving the hearing" on his motion to dismiss Counts 1 and 2 of the indictment so that Thornton could preserve his motion to dismiss in order to be able to argue it in the higher court and/or have his charges dismissed. Thornton contends that if the hearing had been held on the motion to dismiss, "[t]here is a reasonable probability" that "all of Appellant's charges [would have] been dismissed due to Appellant being justified in all of the 503. sequences." Thornton alleges that he would not have entered the *Alford* plea if he had known that his self-defense claim would be rendered moot.

We do not need to address the deficient performance prong of *Strickland* because we conclude that Thornton has failed to meet the prejudice prong. *Commonwealth v. Young*, 212 S.W.3d 117, 120 (Ky. 2006). Thornton has failed to "allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid

defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Stiger*, *supra*.

Thornton theorized that but for counsel's alleged errors, there was a reasonable probability that all of the charges against him would have been dismissed. That theory is conclusory and implausible and clearly fails as a matter of law. None of the charges to which Thornton entered an *Alford* plea gives rise to a claim of self-defense. KRS 503.055(2)(d) provides an unambiguous language that the presumption of self-defense **does not apply** if the person against whom the allegedly defensive force is used is a peace officer performing official duties and has identified himself as such. That is exactly what occurred in this situation. Thus, the claim of self-defense simply does not apply.

Moreover, Thornton was indicted for being a first-degree PFO. The two counts of attempted murder were Class B felonies carrying a sentence of 10-20 years. KRS 506.010(4)(b); KRS 532.060(2)(b). "For Class A felonies, the penalty range is a term of years between twenty and fifty years' imprisonment, or life imprisonment. . . . PFO I offenders who commit a Class B felony, even a nonviolent one, are sentenced *as if* they committed a Class A felony, which opens up the possibility of the offender receiving a life sentence." *Goben v. Keeney*, 626 S.W.3d 692, 696 (Ky. App. 2021) (italics original). We agree with the

Commonwealth that it is not reasonable to believe Thornton would have insisted on going to trial under the facts of this case.

We affirm the Order of the Graves Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Cortes Thornton, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky