OPINION OF THE COURT BY JUSTICE CUNNINGHAM
During the early morning hours of August 23, 2015, three sisters-Sherrie, Melissa, and Jennifer Snader-were walking to their hotel in downtown Louisville, Kentucky, after celebrating Sherrie's bachelorette *845 party. They went to a Papa John's restaurant located near their hotel to get some food around 2:00 A.M., only to find that the restaurant was closed. While there, they were approached by an unknown man riding a bicycle. The man was later identified as Appellant, Kalief Cummings. The sisters found his presence and interaction with them to be unsettling. So, Sherrie and Melissa continued their walk to find something to eat. Jennifer returned to the hotel.
Approximately ten to fifteen minutes later, Sherrie and Melissa saw Appellant riding his bike across the street in a zig-zag pattern. They crossed the street in order to avoid him. However, Appellant quickly approached the women and stabbed Sherrie and Melissa with a knife before fleeing the scene. They sustained serious stab wounds which required extensive hospitalization.
Sherrie positively identified Appellant from a police photobook. Sherrie and Melissa identified the person on the Papa John's surveillance camera footage as the person who stabbed them. Based on the Louisville Metro Police Department's investigation, Appellant was arrested, indicted, and tried.
A Jefferson County Circuit Court jury convicted Appellant of two counts of first-degree assault and for being a first-degree persistent felony offender. He received a total sentence of thirty-five years' imprisonment. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution. Two issues are raised and addressed as follows.
Juror Selection
Appellant argues that the trial court erred by failing to excuse Juror #25 and that reversal of his conviction is required. Juror #25 served as a member of the jury, even though that juror was peremptorily struck by Appellant. It appears that no one, including the defense, realized Juror #25 was sitting on the jury during the trial. Because this issue was raised for the first time on appeal, we will review for palpable error. See RCr 10.26 ; McCleery v. Commonwealth, 410 S.W.3d 597, 606 (Ky. 2013) (we will not reverse unless "it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error.").
In McQueen v. Commonwealth, 339 S.W.3d 441, 446 (Ky. 2011), we addressed a similar issue as follows:
[I]n extrapolating from some of our early and mid-20th Century opinions, the Court of Appeals cogently noted that a jury selection challenge is not waived if counsel "neither knew nor by the exercise of reasonable diligence could have known of the grounds for challenge before the jury was accepted." Bartley v. Loyall, 648 S.W.2d 873, 876 (Ky. App. 1982) (discussing cases).
...
Through the exercise of reasonable diligence, McQueen's counsel could have discovered the disqualification of Juror S.S. prior to examining the jurors.
...
As such, we hold that McQueen waived his jury selection argument.
Id.
Although the issue in McQueen involved the erroneous exclusion of a juror at an early stage of juror selection, the Court's reasoning in McQueen is nonetheless applicable to the present case.
Like McQueen, Appellant's trial counsel had ample opportunity to bring the error to the court's attention. In fact, defense counsel became aware that another juror, Juror #22, was erroneously empaneled *846 and appropriately brought that issue to the court's attention prior to trial. As a result, the court designated Juror #22 as an alternate and then added another juror. Thus, there is no indication in the record that the defense should not have been similarly aware of the erroneous presence of Juror #25.
Moreover, Appellant has failed to allege that Juror #25 was biased. Of course, the use of a peremptory strike implies some indication that Juror #25 would not be sympathetic to the defense. However, that is something quite different than what justifies a strike for cause or some other clearly articulable evidence of a juror's bias. In any event, we cannot say that the erroneous inclusion of Juror #25 constitutes palpable error.
Improper Evidence
For his next and final argument, Appellant contends that the trial court erred by admitting recorded portions of his police interrogation. Appellant specifically argues that this evidence was improperly admitted under KRE 404(b). We disagree.
KRE 404(b) prohibits the introduction of "[e]vidence of other crimes, wrongs, or acts" used "to prove the character of a person in order to show action in conformity therewith." We review this evidentiary issue for an abuse of discretion. Stansbury v. Commonwealth, 454 S.W.3d 293, 297 (Ky. 2015).
Prior to trial, Appellant filed a motion in limine to exclude certain portions of his statement to Louisville Metro Police Detective Matt Ditch. The Commonwealth did not object to the motion. Prior to Detective Ditch's trial testimony, the Commonwealth successfully sought to introduce a particular portion of Appellant's police interview where Appellant stated the following to Detective Ditch:
I don't tote no knife on me all day, every day. You know what I'm saying? I just seen other guys wearing them. Hell, I better put something on me too ... I'm gonna keep something on me sometime.
Appellant objected to the introduction of this statement as improper under KRE 404(b). The contested statement was not included in Appellant's motion in limine. Unlike the hearsay statements successfully excluded by Appellant in his motion in limine, the statement at issue here was Appellant's own statement.
We agree with the Commonwealth that this brief portion of Appellant's police interview does not qualify as "[e]vidence of other crimes, wrongs, or acts" and, thus, is not covered by KRE 404(b). Carrying a knife is not a crime. And nothing in the statement at issue implies violence or use of a knife for criminal or otherwise wrongful purposes.
This statement was relevant and probative in that it indicated that Appellant, by his own admission, possessed a knife, or at least intended to possess a knife. KRE 401. As previously noted, the weapon used to assault the victims was a knife. Moreover, Appellant's statement to Detective Ditch was certainly not unduly prejudicial. See KRE 403 ; Dixon v. Commonwealth, 149 S.W.3d 426, 431 (Ky. 2004). Accordingly, we cannot say that the trial court abused its discretion here.
Conclusion
For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court.
All sitting. Minton, C.J.; Cunningham, Hughes, and VanMeter, JJ., concur.
Keller, J., concurs in part and dissents in part by separate opinion in which Venters and Wright, JJ., join.
*847 I concur with the majority opinion, except for its brief discussion of Appellant's right to peremptory challenges. I must dissent from the majority's discussion of these substantial rights and its cursory examination of whether the violation of this right constitutes palpable error.
This Court has wavered in its treatment of peremptory challenges. In 1993, the Court delivered the opinion of Thomas v. Commonwealth, 864 S.W.2d 252 (Ky. 1993). There, the Court recognized that "Kentucky law has always been ... that prejudice is presumed, and the defendant is entitled to a reversal in those cases where a defendant is forced to exhaust his peremptory challenges against prospective jurors who should have been excused for cause." Id. at 259. The Court held that "[t]he rules specifying the number of peremptory challenges are not mere technicalities, they are substantial rights and are to be fully enforced." Id. The "improper allocation of peremptory challenges constitute[s] reversible error notwithstanding the opposing party failed to demonstrate actual prejudice." Id. (citing Ky. Farm Bureau v. Cook, 590 S.W.2d 875 (Ky. 1979) ). The Court unequivocally held that peremptory challenges are a substantial right and an element of due process. Thomas, 864 S.W.2d at 260.
In 2006, however, the Court overruled Thomas in Morgan v. Commonwealth, 189 S.W.3d 99 (Ky. 2006). In that opinion, the Court analyzed federal peremptory challenges to determine that peremptory challenges are a procedural, rather than substantive, right. Id. at 105. The Court cited to Justice James Keller's dissenting opinion in Stopher v. Commonwealth, in which he stated that "bestowing a substantial right upon the exercise of a peremptory challenge serves one function and one function only-it manufactures reversible error in cases where the case has been decided by a fair and impartial jury." Id. (quoting Stopher v. Commonwealth, 57 S.W.3d 787, at 814 (Ky. 2001) (Keller, J., dissenting) ). Because the Appellant had utilized his peremptory challenges to remove the juror that should have been removed for cause, the Court found that his "peremptory challenge allowed him to receive a fair and impartial jury[.]" Morgan, 189 S.W.3d at 105. As such, there was no harm to the Appellant's trial. "As long as the jury that actually hears and decides the case is impartial, there is no constitutional violation." Id. at 107 (quoting Dunbar v. Commonwealth, 809 S.W.2d 852, 854-55 (Ky. 1991) ).
Justice Cooper vigorously dissented in Morgan, re-examining and emphasizing the use of peremptory challenges as substantial rights. "[W]e and our predecessor court have always deemed the right to peremptory challenges to be a substantial right, i.e., one to which a party is clearly entitled and the erroneous denial of which cannot be deemed harmless for purposes of our harmless error and palpable error rules." Morgan, 189 S.W.3d at 123 (Cooper, J., dissenting). "[O]ur courts have consistently held that the denial or misallocation of peremptory challenges, when properly preserved, is per se reversible error." Id. at 137. In fact:
the right to challenge a given number of jurors without showing cause is one of the most important rights to a litigant; any system for the empaneling of a jury that prevents or embarrasses the full, unrestricted exercise of the right of challenge must be condemned[.] ... [T]he terms of the statutes with reference to peremptory challenges are substantial rather than technical. Such rules, as aiding to secure an impartial, or avoid a partial, jury, are to be fully *848 enforced; ... next to securing a fair and impartial trial for parties, it is important that they should feel that they have had such a trial, and anything that tends to impair their belief in this respect must seriously diminish their confidence and that of the public generally in the ability of the state to provide impartial tribunals for dispensing justice between its subjects.
Id. (quoting Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 984 (1933) ) (emphasis removed).
Justice Cooper criticized the majority opinion's analysis of the error under the harmless error review. "This type of issue is incapable of proof, thus unsusceptible to harmless error analysis." Morgan, 189 S.W.3d at 138 (Cooper, J., dissenting).
The requirement of a showing of actual prejudice effectively nullifies the requirements of the rule on allocation of peremptory challenges. To show actual prejudice, the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge performed in accordance with the prescribed rule of the game.
Id. (quoting Cook, 590 S.W.2d at 877 ). Justice Cooper added that "proving prejudice from the loss of a peremptory strike 'is like ignis fatuus, a will o' the wisp incapable of proof.' " Morgan, 189 S.W.3d at 138 (Cooper, J., dissenting) (quoting Sand Hill Energy, Inc. v. Ford Motor Co., 83 S.W.3d 483, 510 (Ky. 2002) (Cooper, J., dissenting) ).
The effect of Morgan, however, was short-lived, as that case was also overturned in Shane v. Commonwealth, 243 S.W.3d 336 (Ky. 2007). The Court reverted to the original analysis of Thomas -that the right to peremptory challenges is substantial. "This Court, in its rule-making capacity, has recognized that [the rule on peremptory challenges] is beyond question a valuable right going to the defendant's peace of mind and the public's view of fairness." Shane, 243 S.W.3d at 339. "It is fundamentally inconsistent for the Court to give with one hand and take away with the other, a position that does not invite public trust in the integrity of the judicial system." Id. The Morgan Court focused on the lack of bias in the final jury; the Shane Court, however, looked to the process of selection of jurors:
By their very nature, peremptory challenges are not for cause; they can be for any reason whatsoever, except that the juror is a member of a protected class. [Internal citation omitted] To shortchange a defendant in this manner is to effectively give the Commonwealth more peremptory challenges than the defendant. ... A trial is not fair if only parts of it can be called fair.
Id. The Court emphasized the importance of the right itself, rather than the effect of the right on the final jury.
If a right is important enough to be given to a party in the first instance, it must be analyzed to determine if it is substantial, particularly where deprivation of the right results in a final jury that is not the jury a party was entitled to select. ... [Appellant] came into the trial expecting to be able to remove jurors that made him uncomfortable in any way except in violation of Batson v. Kentucky [476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) ] ; this was a right given to him by law and rule. Depriving him of that right so taints the equity of the proceedings that no jury selected from that venire could result in a fair trial. No jury so obtained can be presumed to be a fair one.
Id. at 340. Additionally, "[a]n error affecting the fundamental right of an unbiased *849 proceeding goes to the integrity of the entire trial process." Id. "Qualified or not, that is not the jury the defendant was given a fair opportunity to acquire." Id. (emphasis added). Even when the peremptory is utilized for a reason other than "known unfairness," the right is still a substantial one. Id. at 341 (emphasis original). The Court held that "[h]armless analysis is simply not appropriate where a substantial right is involved[.]" Id.
Thus, under our current case law, it is clear that Appellant's right here was a substantial one and was violated. However, it is also clear that the error was not appropriately preserved. Appellant did not object to the seating of this juror on the final jury, even though his counsel and the Commonwealth both noted the presence of other jurors that had been peremptorily challenged and were to be struck. The question becomes then, was this an error that was waived and thus not subject to review at all or is it simply an improperly preserved error subject to palpable error review?
The majority opinion holds that this particular error was waived and, if not, then it was still not palpable error. To be sure, errors are, to a certain extent, waivable by defendants and counsel. "[A] party must timely inform the court of the error and request the relief to which he considers himself entitled. Otherwise, the issue may not be raised on appeal." Blount v. Commonwealth, 392 S.W.3d 393, 398 (Ky. 2013) (citing West v. Commonwealth, 780 S.W.2d 600, 602 (Ky. 1989) ). Kentucky Rule of Criminal Procedure (RCr) 9.22 also dictates that a party must "make[ ] known to the court the action which that party desires the court to take or any objection to the action of the court, and on request of the court, the grounds therefor[e.]" Even errors of constitutional magnitude can be waived. See Futrell v. Commonwealth, 437 S.W.2d 487, 489 (Ky. 1969) (citing Shockley v. Commonwealth, 415 S.W.2d 866 (Ky. 1967) (overruled by Romans v. Commonwealth, 547 S.W.2d 128 (Ky. 1977) ) ). "When a defendant's attorney is aware of an issue and elects to raise no objection, the attorney's failure to object may constitute a waiver of an error having constitutional magnitude." Salisbury v. Commonwealth, 556 S.W.2d 922, 927 (Ky. App. 1977). In Salisbury, the Court found that it could not "determine whether the defendant's trial counsel failed to object as a matter of trial tactics, whether he deliberately withheld making an objection in the hopes that reversible error would slip into the record, or whether he was unaware that there was a possible objection." Id. at 928. In such circumstances, the Court determined there could not be palpable error but did not prohibit the defendant from raising the issue in further RCr 11.42 proceedings. Id.
Peremptory challenges can also be waived. See Mills v. Commonwealth, 95 S.W.3d 838, 843 (Ky. 2003). "[G]enerally at least, the failure to object to a misallocation of juror strikes will be deemed a waiver of the right." Staples v. Commonwealth, 454 S.W.3d 803, 829 (Ky. 2014). However, while the majority holds that Appellant here waived the issue, I am unconvinced that the inaction of defense counsel in this case constitutes a full waiver of a substantial right. I am even further unconvinced by this conclusion when examining the record. The voir dire examination at this trial was unusual; for cause challenges were left to the end of the voir dire examination. Additionally, while the clerk referred to jurors by their seven-digit juror number for record purposes, the attorneys referred to jurors by their seat number for challenge purposes. When the final jury was called, the clerk called juror numbers. Yet, throughout the entire voir dire process, the attorneys and judge referred *850 to these potential jurors by their seat number. To compound the problem, when the jurors came back into the courtroom for the final selection, the judge informed them that they did not need to sit in their original seats from the voir dire. Thus, at that point, there was little left for the attorneys to recognize from these jurors during the final call. Given this information, it is even more apparent that defense counsel's inaction was a result of a puzzling process rather than a strategical waiver.
Additionally, objections to preserve error are required in order "to present to the trial court those questions of law which may becomes issues on appeal." Hatton v. Commonwealth, 409 S.W.2d 818, 819 (Ky. 1966). "The appellate court reviews for errors, and a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision." Id. at 819-20 (citations omitted). In Hatton, the issue before the Court was sufficiency of the evidence; but the Court held such an issue "requires a ruling by the trial court, and the failure to present such issue at the trial level constitutes a waiver of that ground of appellate review." Id. at 820. This Court has held that RCr 9.22"should be given a broad or liberal construction, rather than a narrow or super[-]technical construction." Cane v. Commonwealth, 556 S.W.2d 902, 907 (Ky. 1977). I see no reason why the preservation of the issue before us now should be so technically analyzed, inferring an intent to waive a substantial right from a seeming clerical error, rather than through voluntary and intelligible actions.
The Sixth Circuit Court of Appeals distinguished between waiver of an error and forfeiture of an error. "[A]lthough forfeited rights are reviewable, waived rights are not, even for plain error." United States v. Branham, 97 F.3d 835, 842 (6th Cir. 1996) (citing United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ). "[F]orfeiture is 'the failure to make the timely assertion of a right,' whereas waiver is the 'relinquishment or abandonment of a known right.' " Branham, 97 F.3d at 842. I understand this Court's past willingness to infer waiver of an error; in many of those circumstances, there is nothing left to be reviewed for the Court. As stated, this Court reviews for error, if there was no opportunity for action, then there is nothing left to review and an error must be presumed as waived.
However, the error before us in Appellant's case is distinct. Defense counsel did take the necessary steps to challenge this particular juror peremptorily. There is no allegation that he should have been excused for cause and Appellant was forced to use one of these peremptory challenges; as such, there was no necessity for Appellant to note another juror that would have been struck.[1] The trial court, through the procedure for peremptory challenges, was aware of Appellant's peremptory challenges. This was an administrative error;
*851 although not malicious, this clearly violated Appellant's substantial rights. He did not get the jury to which he was entitled. Appellant did raise the issue of error on the other peremptory challenge and we have no evidence in the record why no one realized this juror was also on the jury inadvertently. From these circumstances, I am unwilling to assume that this inaction was a waiver of Appellant's rights. In Branham, the Sixth Circuit determined that because the defendant had taken "no affirmative steps to voluntarily waive his claim" that such was a "forfeiture of that right, and not a waiver." Id. (citations omitted).
In McQueen v. Commonwealth, 339 S.W.3d 441, 447-48 (Ky. 2011), the case cited by the majority on waiver, this Court declined to apply the palpable error standard to a challenge of the jury selection. However, there the Court noted that allowing review for prejudice "in the complete absence of any challenge to the selection of the jury panel would render RCr 9.34 's[2] waiver effective in name only, as we would then be bound to review the litigant's newly-raised challenge to the panel." Id. at 448 (citing Stroud v. Commonwealth, 922 S.W.2d 382 (Ky. 1996) ). But this is not a situation of a "complete absence of any challenge." Defense counsel did note that this juror was to be struck, using one of the peremptory challenges to which Appellant was entitled. Thus, this situation was not a complete failure to note an objection or intent to strike a juror. Such inaction, therefore, should not be construed as an intent to waive the issue. This in no way diminishes the ability of defense counsel to waive issues in other scenarios but under these particularized and discrete circumstances, I would hold that there is insufficient information to constitute a waiver of this error.
If the issue was not waived, then we must undertake an analysis of whether the unpreserved error was palpable under RCr 10.26. "A palpable error which affects the substantial rights of a party may be considered by the court ... even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." RCr 10.26. "A finding of palpable error requires a showing that the alleged error affected the 'substantial rights' of a defendant, for whom relief may be granted 'upon a determination that manifest injustice has resulted from the error.' " Conrad v. Commonwealth, 534 S.W.3d 779, 783 (Ky. 2017) (citing RCr 10.26 ). "To find manifest injustice, the reviewing court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.' " Conrad, 534 S.W.3d at 783 (citing Martin v. Commonwealth, 207 S.W.3d 1, 4 (Ky. 2006) ).
The deprivation of a substantial right such as the one at issue here must be deemed palpable error under these circumstances. The deprivation of this right "is no different than if [Appellant] were denied the right to cross examine a witness, or to offer proof if he wished. The fundamental nature of these rights is such that no trial can be fair in their absence." Commonwealth v. Lawson, 454 S.W.3d 843, 849 (Ky. 2014) (Noble, J., dissenting). As noted in Shane, the right to peremptory challenges "is beyond question a valuable right going to the defendant's peace of mind and the public's view of fairness." Shane, 243 S.W.3d at 339. "It is fundamentally inconsistent for the Court to give *852 with one hand and take away with the other, a position that does not invite public trust in the integrity of the judicial system." Id. "Depriving him of that right so taints the equity of the proceedings that no jury selected from that venire could result in a fair trial. No jury so obtained can be presumed to be a fair one." Id. The error affects "the fundamental right of an unbiased proceeding" and "goes to the integrity of the entire trial process." Id. "Qualified or not, that is not the jury the defendant was given a fair opportunity to acquire." Id. (emphasis added).
Given this Court's jurisprudence on the importance of these substantial rights, I would hold that the deprivation of such a right constituted palpable error. As such, I would reverse the judgment of the Jefferson Circuit Court and remand for a new trial.
Venters and Wright, JJ., join.

See Gabbard v. Commonwealth, 297 S.W.3d 844, 854 (Ky. 2009) ( "[I]n order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the defendant must identify on his strike sheet any additional jurors he would have struck."). In such circumstances, "such an error affects a substantial right of a defendant and is presumed to be prejudicial." Id. (citing Shane, 243 S.W.3d at 341 and Thomas, 864 S.W.2d at 259 ). "[S]uch an error can be shown to be non-prejudicial if the other jurors the defendant would have used his peremptory strikes on do not actually sit on the jury." Gabbard, 297 S.W.3d at 854 (citing King v. Commonwealth, 276 S.W.3d 270, 279 (Ky. 2009) ). See also Hurt v. Commonwealth, 409 S.W.3d 327 (Ky. 2013). This analysis of prejudice, however, is inapplicable here as there was no allegation that the juror should have been struck for cause. This juror was intended to be only a peremptory strike.

"A motion raising an irregularity in the selection or summons of the jurors or formation of the jury must precede the examination of the jurors." RCr 9.34.