RENDERED: MARCH 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0056-MR

KALIEF CUMMINGS
APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.     HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NOS. 15-CR-002303 AND 16-CR-000367

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

COMBS, JUDGE: Appellant, Kalief Cummings (Cummings), *pro se*, appeals

from an Opinion and Order of the Jefferson Circuit Court denying his RCr[1] 11.42

motion.

---

[1] Kentucky Rules of Criminal Procedure.

On August 23, 2015, Cummings stabbed two women who were out walking in downtown Louisville looking for an open restaurant. A Jefferson County Circuit Court jury convicted Cummings of two counts of first-degree assault and for being a first-degree persistent felony offender. Cummings was sentenced to 35-years' imprisonment. Our Supreme Court affirmed his convictions on direct appeal in *Cummings v. Commonwealth*, 560 S.W.3d 844 (Ky. 2018).

On October 24, 2019, Cummings, *pro se*, filed a motion to vacate his conviction and sentence pursuant to RCr 11.42. Cummings raised two issues in that motion. He contended that he was denied effective assistance of counsel in violation of the Sixth and Fourteen Amendments to the United States Constitution when his counsel: (1) failed to make sure the record on appeal was complete; and (2) failed to bring to the trial court's attention that a juror -- who had been peremptorily stricken by defendant -- served on the jury.

The Commonwealth filed a response and argued that Cummings was not entitled to relief: (1) because there was no indication the record on appeal was not complete; and (2) that on direct appeal, the Supreme Court held that the inclusion of the juror did not constitute palpable error.

Cummings filed a reply and withdrew his first argument regarding the record on appeal.

By Opinion and Order entered October 10, 2023, the circuit court

denied Cummings's motion as follows in relevant part:

> The Defendant initially raised two issues in his RCr 11.42 motion. The first issue concerned the adequacy of the record on appeal; however, after reviewing the Commonwealth's response the Defendant withdrew this issue.
>
> The second issue . . . concerns a juror who was mistakenly seated as a trial juror and who deliberated the case in spite of defense counsel having used a p[re]emptory challenge on this juror. The issue . . . was addressed by the Kentucky Supreme Court in the Defendant's direct appeal. As the issue was raised for the first time on [that] appeal, the Supreme Court reviewed it for palpable error. The Court concluded that palpable error did not exist because defense counsel should have been aware of the erroneous presence of a seated juror and because the Defendant did not allege that this juror was biased.
>
>  . . . The standard for reviewing an ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) . . . . The Defendant does not allege that there was actual bias against him by this juror. . . .
>
> While there can be no argument that a juror was improperly seated in this case, the Defendant's failure to establish actual bias is fatal to his claim. As such he cannot establish that his trial counsel's error (and this is the only error he has identified) was so serious that he was not functioning as the counsel which is guaranteed by the Sixth Amendment to the United States Constitution. . . .

Cummings appeals. However, the issue which he raised below appears to have been abandoned on appeal. Instead, he now raises two new issues. Cummings first contends that the Commonwealth made a materially false statement in its response to his RCr 11.42 motion: "The Defendant raised this claim on direct appeal with the Supreme Court finding that the inclusion of the juror did not constitute palpable error." Cummings maintains that "counsel knew that by stating this issue was previously raised on direct appeal, it would misguide the court and prejudice the appellant."

Cummings also contends that the trial court violated "the canon rules" in granting the Department of Public Advocacy's motion to withdraw as post-conviction counsel.

The issues which Cummings raises on this appeal are not properly before us, and we have no basis upon which to renew them for palpable error. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). "Kentucky precedent has unwaveringly held for decades that a party cannot raise new issues on appeal. That principle applies to criminal post-conviction challenges." *Parker v. Commonwealth*, 641 S.W.3d 197, 200 (Ky. App. 2022) (citations omitted).

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kalief Cummings, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky