RENDERED: DECEMBER 14, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000107-MR

PHILLIP R. CONRAD                                                          APPELLANT

V.

ON APPEAL FROM MCLEAN CIRCUIT COURT
HONORABLE BRIAN WIGGINS, JUDGE
NO. 16-CR-00029

COMMONWEALTH OF KENTUCKY                                    APPELLEE

## OPINION OF THE COURT BY CHIEF JUSTICE MINTON

### AFFIRMING

A circuit court jury convicted Phillip Conrad of first-degree trafficking in a controlled substance over 2 grams, and of being a first-degree persistent felony offender. The jury recommended a twenty-year prison sentence, which the trial court imposed in its final judgment.

Conrad appeals the judgment as a matter of right.[1] He contends the trial court erred by: (1) allowing a detective to give prejudicial testimony, (2) giving faulty penalty-phase jury instructions producing a flawed sentence, (3) allowing improper evidence in the penalty phase, and (4) allowing a non-unanimous jury verdict in the penalty phase. Because we hold that none of these alleged errors warrants reversal, we affirm the trial court's judgment.

---

[1] Ky. Const. § 110(2)(b).

# I. FACTUAL AND PROCEDURAL BACKGROUND.

Conrad was arrested after selling methamphetamine to a confidential informant during a controlled buy. After the controlled buy, Detective Thompson obtained a search warrant for Conrad's residence. Upon executing the search warrant, police discovered scales, empty baggies, and a wallet containing approximately $2,300. Included in the $2,300 was $300 in marked bills. Testing by the Kentucky State Police Lab confirmed the presence of methamphetamine among the items seized.

# II. ANALYSIS.

## A. No Prejudice Resulted from Detective Thompson's Testimony.

Conrad first argued that he was denied a fair trial because testimony from Detective David Thompson violated Kentucky Rule of Evidence (KRE) 404(b). We find no reversible error.

The purpose of KRE 404(b) "is to prohibit unfair inferences against a defendant"[2] by excluding "evidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith."[3] Conrad alleges the Commonwealth violated this rule when Detective Thompson explained to the jury that confidential informants are sometimes used as the "minnow to catch a bigger fish." Conrad did not object to the Commonwealth's question that produced this response from Detective Thompson. Conrad objected to the detective's answer, citing KRE 404(b), but he did not move to

---

[2] *Anderson v. Commonwealth*, 231 S.W.3d 117, 120 (Ky. 2007).

[3] KRE 404(b).

2

strike the answer as unresponsive. The trial court did not make a ruling on the objection because the Commonwealth ended the line of questioning at that point and moved on. Further, Conrad did not insist on a ruling from the trial court nor did he request an admonition to be given to the jury.[4]

Because no admonition was given and because the alleged error is evidentiary in nature, our inquiry is whether this questionably preserved error was of such a substantial nature as to sway the final judgment.[5] Conrad's strongest statement in his argument asserting that the alleged improper testimony swayed the jury is, "It is possible that the improper suggestion Mr. Conrad was a high level trafficker contributed to him receiving the maximum sentence." This is a weak assertion that hardly supports his argument. Even without Detective Thompson's statement, the jury heard testimony from the informant-drug buyer, who testified that he asked to buy $800 worth of methamphetamine and Conrad sold him just over 2 grams of methamphetamine. Further, the transaction was recorded on both audio and video, which the jury heard and viewed. The recording referred to Conrad as his "drug supplier" without objection, and the state laboratory technician testified that the substance seized from Conrad was indeed methamphetamine.

With all this evidence, we are not persuaded that Officer Thompson's minnow-and-fish metaphor substantially swayed the verdict.

---

[4] *Bray v. Commonwealth*, 177 S.W.3d 741, 752 (Ky. 2005), *overruled on other grounds by Padgett v. Commonwealth*, 312 S.W.3d 336 (Ky. 2010) (Inadmissible prior-crime evidence may be cured by an admonition.).

[5] *Wiley v. Commonwealth*, 348 S.W.3d 570, 581 (Ky. 2010).

**B. Conrad is not entitled to a Mistrial Because of Alleged Errors in the Sentencing Phase of the Trial Proceeding.**

Conrad next asserts that the trial court erred when it denied his motion for a mistrial. The motion was made upon the jury's return in the sentencing phase, when the parties and the court were made aware that the page of the instructions containing the verdict form, the page requiring the jury to record the punishment it fixed for the underlying trafficking conviction, had been inadvertently omitted from the set of instructions sent to the jury room. Realizing the procedural irregularity, the trial court recommitted the case to the jury with a full set of instructions. We find no error here.

Conrad acknowledges that there is no case in which a mistrial has been granted because of the error he alleges. And the Commonwealth correctly notes that the decision to grant a mistrial is within the trial court's discretion[6] and that a trial court should grant a mistrial only when there is a showing of "manifest necessity for such an action or an urgent or real necessity."[7]

Conrad does not dispute that the trial court orally instructed the jury in the sentencing phase by reading aloud its instruction that the jury was required to fix a sentence for the underlying trafficking conviction before fixing punishment in the event they were further satisfied from the evidence that Conrad was a first-degree persistent felony offender. And the jury retired to the jury room to deliberate punishment with a written set of those instructions as

---

[6] *Bray v. Commonwealth*, 68 S.W.3d 375, 383 (Ky. 2002).

[7] *Skaggs v. Commonwealth*, 694 S.W.2d 672, 678 (Ky. 1985).

4

read aloud by the trial court.[8] But when the jury returned a verdict sentencing Conrad to twenty years solely on the PFO charge, the trial court and counsel discovered that the jury's set of written instructions was missing a verdict form directing the jury to fix punishment for the trafficking conviction.

At that point, Conrad's trial counsel moved for a mistrial, arguing that the jury had deliberated using faulty jury instructions. The trial court denied the motion for mistrial. Instead, the trial court reasoned that the jurors could redeliberate with a corrected set of jury instructions and fix a sentence on the underlying trafficking charge. The trial court then sent the jury back for further deliberation, and the jury later returned having fixed a ten-year sentence on the underlying trafficking charge, enhanced to twenty years as a result of Conrad's being a first-degree persistent felony offender.

Neither party disputes that that the typical trial procedure set forth for sentencing was not followed. We set forth the typical procedure for a combined truth-in-sentencing and persistent felony offender phase: "the jury in the combined bifurcated hearing could be instructed to (1) fix a penalty on the basic charge in the indictment; (2) determine then whether the defendant is guilty as a persistent felony offender, and if so; (3) fix the enhanced penalty as a persistent felony offender."[9]

---

[8] Kentucky Rule of Criminal Procedure (RCr) 9.54 states that it is the duty of the trial court to instruct the jury in writing on the law of the case, which instructions shall be read to the jury before closing summations of counsel.

[9] *Commonwealth v. Reneer*, 734 S.W.2d 794, 798 (Ky. 1987).

5

Conrad points to *Owens v. Commonwealth* and *Sanders v. Commonwealth*, both of which had similar facts to the case before us today.[10] In both cases, we reviewed the alleged error under a palpable-error standard and found none. And while the alleged error before us today is preserved, we cannot say that it warrants a mistrial.

The error in the jury instructions was not caught by either party or the trial court before the jury had used them in deliberation. Before the trial court accepted the verdict and discharged the jury, the error was caught, and the jury was sent back to deliberate with a full set of written instructions. As the Commonwealth notes, "an incorrect verdict should be corrected before the jury is discharged, and it is not error for the court to require such correction."[11]

In the facts before us today, the trial court recognized the error in procedure and corrected it before accepting the final verdict. In doing so, any procedural error was remedied, and Conrad cannot be said to have been prejudiced. So we find no error in the trial court's denial of Conrad's motion for a mistrial based upon this procedural irregularity.

## C. There was no Palpable Error with Sentencing Evidence.

Conrad's remaining two arguments are unpreserved, so we review each alleged error under RCr 10.26,[12] in which relief may be granted upon a

---

[10] *Owens v. Commonwealth*, 329 S.W.3d 307, 319 (Ky. 2011); *Sanders v. Commonwealth*, 301 S.W.3d 497 (Ky. 2010).

[11] *Meader v. Commonwealth*, 363 S.W.2d 219, 222 (Ky. 1962).

[12] Kentucky Rules of Criminal Procedure 10.26.

showing of "palpable error."[13] A finding of palpable error requires a showing that the alleged error affected the "substantial rights" of a defendant, for whom relief may be granted "upon a determination that manifest injustice has resulted from the error."[14] To find manifest injustice, the reviewing court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable."[15]

Conrad alleges he was denied a fair sentencing because improper evidence was elicited in violation of KRS 532.055. He asserts that the testimony in question prejudiced his sentencing because it left the jury to "speculate about what Mr. Conrad might have done in order to have his probation revoked." We find no palpable error.

Conrad first takes issue with the testimony of the circuit clerk who testified in the sentencing phase that Conrad had previously been on probation that had been revoked. This testimony was followed by the testimony of the probation officer. During the probation officer's testimony, she was asked why individuals on probation would have their probation status revoked. She responded that there were multiple reasons, including committing additional crimes.

---

[13] *Id.*

[14] *Id.*

[15] *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

7

As to the testimony concerning revocation of Conrad's probation, we look to *Martin v. Commonwealth*.[16] While the facts are not identical, *Martin* involved impermissible evidence being sent back with the jury. We come to the same conclusion that the *Martin* court did, that is, "there is not a reasonable possibility that ... a different sentence would have been imposed. Thus, manifest injustice did not result..."[17] We are not convinced that the limited testimony of the circuit court clerk enhanced Conrad's penalty in any way.

Conrad's next argument is that he was prejudiced when the jury instructions listed his previous second-degree persistent felony offender status. The *Owens* court recognized that the status of being a persistent felony offender second-degree is immaterial to labeling someone a persistent felony offender first-degree but that the introduction of such information is harmless error.[18]

Because the testimony of the circuit clerk and the probation officer was so limited as not reasonably to sway the penalty, and mention of being a persistent felony offender second-degree is at most harmless error, we cannot say there was palpable error.

---

[16] *Martin v. Commonwealth*, 409 S.W.3d 340 (Ky. 2013).

[17] *Id.* at 349.

[18] *Owens v. Commonwealth*, 329 S.W.3d 307, 319 (Ky. 2011).

## D. The Jury finding that Conrad is a Persistent Felony Offender First-Degree was Unanimous.

Conrad asserts that the jury's verdict finding that he was a persistent felony offender first-degree was in error because it was not a unanimous verdict. We disagree.

A conviction for persistent felony offender first-degree requires the defendant be "more than twenty-one (21) years of age and stand convicted of a felony after having been convicted of two (2) or more felonies."[19] Furthermore, as noted by the Commonwealth, the statute "only requires that completion of service of sentence or discharge from probation or parole on any, not each, of the prior convictions shall have occurred within five (5) years of the commission of the instant offense."[20]

Conrad argues that the jury did not reach a unanimous verdict because his conviction could have been based on a litany of his prior convictions, and the instruction did not require that the jury specify which prior convictions formed the basis of their decision to convict him of being a first-degree persistent felony offender. But, combination instructions are not forbidden in the Commonwealth. And a "conviction of the same offense under either of two alternative theories does not deprive a defendant of his right to a unanimous verdict if there is evidence to support a conviction under either theory."[21] For

---

[19] KRS 532.080(3).

[20] *Manning v. Commonwealth*, 23 S.W.3d 610, 614 (Ky. 2000) (*quoting Howard v. Commonwealth*, 608 S.W.2d 62, 64 (Ky. App. 1980)).

[21] *Miller v. Commonwealth*, 77 S.W.3d 566, 574 (Ky. 2002).

9

Conrad, the jury could have concluded he was a persistent felony offender first-degree based on any two or all of the prior convictions given in the instruction.

Because Conrad's designation as a persistent felony offender was supported under any theory in the instruction we do not believe he was denied a unanimous verdict. He did not suffer palpable error.

## III.    CONCLUSION

For the foregoing reasons we find no basis for reversing the final judgment of the trial court and further reject Conrad's argument of cumulative error.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Mark Barry
Assistant Attorney General