RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1453-MR

AARON TUSSEY        APPELLANT

v.        APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 21-CR-00071

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Aaron Tussey (Tussey) appeals from the final judgment and

sentence of imprisonment entered by the Boyd Circuit Court upon a jury trial and

subsequent penalty phase resulting in convictions for burglary III and persistent

felony offender I with a sentence of eighteen years to serve.

On appeal, Tussey argues that the trial court erred during the penalty phase of the trial by permitting the Commonwealth's Attorney to read his previous convictions to the jury. Further, he asserts that the court erred by allowing a probation and parole officer to testify directly from her notes without laying a proper foundation. Having reviewed the record and the relevant law in this case, we find no error and therefore, we affirm.

## I.    BACKGROUND

On May 6, 2020, Tussey accepted the Commonwealth's offer on a plea of guilty to theft by unlawful taking over $500, arising out of allegations that he entered Rural King and removed merchandise from the premises. As a condition of that agreement, he was not to be on Rural King property. The court incorporated that condition into its Order of Probation/Conditional Discharge, entered the following day.

Nevertheless, on March 4, 2021, Boyd County deputies were dispatched to Rural King regarding a shoplifter who allegedly concealed items on the premises. However, prior to their arrival, they were advised that the suspect had fled the scene. When a vehicle matching that of the fleeing suspect was located, deputies apprehended Tussey in possession of property stolen from Rural King.

On March 11, 2021, Tussey was charged by way of a criminal information with third-degree burglary. Thereafter, on September 14, 2021, he was indicted by a Boyd County Grand Jury on a single count of theft by unlawful taking/disposition, $500.00 or more, and a single count of being a persistent felony offender, first degree. His trial on these charges commenced on October 11, 2021.

Catherine Rakes, a department specialist with Rural King testified that she personally witnessed Tussey stuffing empty shopping bags into his pockets. She then saw him place merchandise in those bags. She contacted customer service and asked them to call 911.

Jessica Goats then testified to witnessing Tussey stuffing a band saw down his coat. She also indicated that she saw him sticking other items in empty shopping bags, as well as into his coat.

Deputy Mark Wheeler testified that he and Deputy Zach Mitchell were dispatched to Rural King to investigate a theft. Prior to arrival, they were advised that the suspect had fled in a white Chevy Equinox with a rolled up temporary tag. Deputy Mitchell ultimately located the vehicle and Wheeler joined him for the traffic stop.

At that time, Tussey admitted that he was not supposed to be at Rural King. Tussey's wife gave consent to search the vehicle. Wheeler testified that he

found two plasma cutters.  Rural King employees confirmed that two plasma cutters were missing from the store.  Tussey was then arrested.

Based upon the testimony and evidence presented, the jury found Tussey guilty of third-degree burglary and not guilty of theft by unlawful taking $500 or more.  The trial then proceeded to the penalty phase.  The Commonwealth presented certified copies of Tussey's prior convictions and probation and parole officer, Stephanie Kenley testified.  Based upon the testimony and evidence presented, the jury fixed Tussey's punishment for the offense of third-degree burglary at five years and found him guilty of being a persistent felony offender, first degree, enhancing his sentence to eighteen years.

## II.     STANDARD OF REVIEW:

Tussey concedes that neither of the errors he alleges were preserved. When error is unpreserved,

> [w]e review each alleged error under [Kentucky Rule of Criminal Procedure] 10.26, in which relief may be granted upon a showing of 'palpable error.'  A finding of palpable error requires a showing that the alleged error affected the 'substantial rights' of a defendant, for whom relief may be granted 'upon a determination that manifest injustice has resulted from the error.'  To find manifest injustice, the reviewing court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'

*Conrad v. Commonwealth*, 534 S.W.3d 779, 783 (Ky. 2017) (citations omitted).

### III. READING OF PRIOR CONVICTIONS:

In this case, the Commonwealth offered certified copies of Tussey's nine prior convictions as Commonwealth's Exhibit Nine. When asked if he had any objection, Tussey's trial counsel responded that he did not. The Commonwealth then proceeded to read those convictions. Kentucky Revised Statute (KRS) 532.055(2)(a)(1)-(7) sets forth the appropriate subject matter for the Commonwealth's penalty phase case. Specifically included are such details of prior offenses as provided by the prosecutor in this case. She recited the case number, the charged offense, the disposition (*i.e.*, whether by plea or conviction), and the sentence. This process took approximately four minutes. At no time did Tussey's trial counsel object.

In *Webb v. Commonwealth*, 387 S.W.3d 319, 330-31 (Ky. 2012), although the Court recognized that it is preferable for the trial court to read the "elements" of the prior convictions into the record, it held that the Commonwealth may still do so by agreement of the parties. However, to avoid any "confusion" the court should explain "to the jury so it understands [that] the prosecutor is not a witness, but rather an attorney who is reading agreed-upon, stipulated evidence." In the absence of agreement, "the Commonwealth is left with two options: (1) the judge may read the elements of the crime(s), or (2) the Commonwealth may call a witness to testify as to the elements of the crime(s) committed as reflected in prior

judgments." However, the Court specifically found that, "[w]e discern no constitutional due process violation, without more, with the mere reading by the prosecutor to the jury of the elements of the prior offenses." *Id*. at 330. Since Tussey's trial counsel specifically stated that he had no objection and then made no effort to challenge the Commonwealth's method of introducing the prior convictions, the lower court had no obligation to act on its own initiative. Therefore, this Court finds no palpable error. *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017).

## IV.     PROBATION AND PAROLE OFFICER'S TESTIMONY:

Probation and Parole Officer Stephanie Kenley testified that she has been with the Department of Corrections for five and a half years. She was asked by the Commonwealth to distinguish between probation and parole. She was asked about the factors used to determine parole eligibility. She was also asked about the different types of good time credit and how such credit might be gained or lost. She was specifically asked about Tussey's eligibility given his conviction for third-degree burglary and potential convictions for persistent felony offender, first or second degree. She was also asked about the effect of the fact that he was on probation at the time of the offense for which he was being tried. She was able to answer each question asked, and she did so by quite obviously reading from her notes. When given the opportunity to cross-examine her, Tussey's trial counsel

-6-

merely asked her about the loss of good time credit for disciplinary violations. She answered this question too, by reading directly from her notes.

In *Disabled American Veterans, Department of Kentucky, Inc. v. Crabb*, 182 S.W.3d 541 (Ky. App. 2005), the Court discussed at great length the distinction between a present recollection refreshed pursuant to Kentucky Rule of Evidence (KRE) 612 and a past recollection recorded pursuant to KRE 803(5). While a writing may be used for either purpose, there are differing foundational requirements and the document itself will be treated differently for evidentiary purposes. 182 S.W.3d at 551-52.

Tussey has cited this Court to the case of *Martin v. Commonwealth*, 456 S.W.3d 1 (Ky. 2015), in support of his argument that the trial court erred by allowing Officer Kenley to testify by reading from her notes. In *Martin*, the Court held that if the witness were allowed to read from her notes during retrial "KRE 803(5) becomes the controlling evidentiary rule, and a different, more burdensome, foundation is required for the reading of her notes to become admissible as substantive evidence." *Id*. at 17. However, there is a significant difference between the facts of *Martin* and those presented to this Court. In *Martin*, defense counsel objected, and the trial court gave the Commonwealth the opportunity to lay a foundation for the witness's use of her notes during testimony. *Id*. at 15-16. Once again, this Court notes that there was no objection, and the trial court had no

obligation to act *sua sponte* to force the Commonwealth to examine its witness in a certain manner. Under these circumstances, the Court can find no palpable error.

Accordingly, the Final Judgment and Sentence of Imprisonment of the Boyd Circuit Court are affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky