RENDERED: MARCH 23, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0048-TG
2022-SC-0095-TG

LEIF HALVORSEN                                                          APPELLANT

|       | ON APPEAL FROM FAYETTE CIRCUIT COURT |
|-------|--------------------------------------|
| V.    | HONORABLE JULIE MUTH GOODMAN, JUDGE  |
|       | NO. 83-CR-00152-001                  |

COMMONWEALTH OF KENTUCKY                                       APPELLEE

AND

2022-SC-0039-MR

JOHNATHAN WAYNE GOFORTH                                        APPELLANT

|       | ON APPEAL FROM FAYETTE CIRCUIT COURT |
|-------|--------------------------------------|
| V.    | HONORABLE JULIE MUTH GOODMAN, JUDGE  |
|       | NO. 99-CR-00146-002                  |

COMMONWEALTH OF KENTUCKY                                       APPELLEE

AND

2022-SC-0040-MR

VIRGINIA SUSAN CAUDILL                                          APPELLANT

|       | ON APPEAL FROM FAYETTE CIRCUIT COURT |
|-------|--------------------------------------|
| V.    | HONORABLE JULIE MUTH GOODMAN, JUDGE  |
|       | NO. 99-CR-00146-001                  |

COMMONWEALTH OF KENTUCKY                                        APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

<u>**AFFIRMING**</u>

This case came before the Fayette Circuit Court upon the filing of three post-conviction collateral attack motions seeking to vacate the murder convictions of Virginia Caudill, Johnathan Goforth and Leif Halvorsen (collectively, "Appellants") pursuant to RCr[1] 11.42(10), CR[2] 60.02, and CR 60.03. Appellants requested post-conviction relief on grounds that the "combination" jury instructions rendered their verdicts non-unanimous, in violation of their constitutional right to a unanimous jury and ran afoul of the unanimity requirement recently announced in in *Ramos v. Louisiana,* 140 S. Ct. 1390 (2020). Concluding that *Ramos* does not apply retroactively to these cases and further, that Appellants' claims were time-barred, the trial court denied them relief. For the reasons set forth below, we affirm.

## I.     Factual and Procedural Background

Caudill and Goforth were tried together in 2000 and were both convicted of murder, robbery in the first degree, burglary in the first degree, arson in the second degree, and tampering with physical evidence. *Caudill v. Commonwealth,* 120 S.W.3d 635 (Ky. 2003). Each received a death sentence

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

for the murder conviction and the maximum authorized penalties for the other four convictions. *Id.* In a separate case, years before Caudill and Goforth's convictions, Halvorson was found guilty of three counts of murder and sentenced to death on two counts, and life imprisonment on the third count. *Halvorsen v. Commonwealth,* 730 S.W.2d 921 (Ky. 1986).[3] Each of the Appellants was convicted under a combination jury instruction, which permitted the jury to convict if it determined beyond a reasonable doubt that he or she was guilty of either murder or complicity to murder, but was unable to ascertain from the evidence whether each committed the crime as the principal or as an accomplice.

Appellants challenged their convictions on direct appeal as non-unanimous verdicts under the principal-accomplice combination instruction. This Court rejected that claim across the board, noting that the unanimity requirement was not violated because both the principal and accomplice theories were supported by the evidence. *Caudill,* 120 S.W.3d at 648; *Halvorsen,* 730 S.W.2d at 925. Following our affirmance of their convictions on direct appeal, each Appellant received additional state and federal collateral review of their case, none of which bore any fruit.

In 2020, the United States Supreme Court rendered its decision in *Ramos,* which addressed the issue of juror unanimity – unanimity in numerical count. 140 S. Ct. at 1393. Specifically, the Court examined the criminal

---

[3] In December 2019, then Governor Bevin commuted Halvorsen's death sentences to sentences of life with the possibility of parole.

3

justice systems of Oregon and Louisiana, both of which allowed a defendant to be convicted of a serious crime based on a jury verdict in which at least 10 of 12 jurors found the defendant guilty beyond a reasonable doubt. *Id.* The Supreme Court held that the Sixth Amendment's right to an impartial jury implicitly included the right to a unanimous verdict in criminal trials, as applied equally to federal and state criminal trials (via the Fourteenth Amendment). *Id.* In addressing concerns that its decision would spawn a "tsunami" of litigation, the *Ramos* majority emphasized that "prior convictions in only two States [Oregon and Louisiana] are potentially affected by our judgment." *Id.* at 1406.

Thereafter, Appellants each filed a motion for post-conviction relief, which the trial court consolidated. While their motions were being litigated, the United States Supreme Court decided *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021), which clarified that *Ramos* was not to be retroactively applied in federal collateral attacks, pursuant to *Teague v. Lane*, 489 U.S. 288 (1989). Resultingly, prisoners who were convicted by non-unanimous juries and whose cases were final in state court before rendition of *Ramos* cannot rely on *Ramos* as support for federal collateral relief.

Based on the holding of *Edwards* and application of the *Teague* standard, adopted by this Court with regard to state collateral attacks in *Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009), the trial court held that the *Ramos* did not apply retroactively to Appellants' claims. The trial court

4

further observed that the underlying basis for Appellants' motions - a lack of unanimity - had been previously rejected by this Court on direct appeal.

The trial court determined that even if this Court were to now decide that the combination jury instruction did not satisfy the requirement of unanimity, absent a finding of retroactivity, the cases at bar are final and the post-conviction motions untimely. The trial court noted that Halvorsen's murder convictions were final 33 years before, and Goforth and Caudill's convictions were final 16 years ago. Moreover, Appellants' RCr 11.42 motions had been denied and affirmed on appeal. *Caudill v. Commonwealth*, No. 2006-SC-000457-MR, 2009 WL 1110398 (Ky. Apr. 23, 2009); *Halvorsen v. Commonwealth*, 258 S.W.3d 1 (Ky. 2007). Thus, the trial court concluded that Appellants' RCr 11.42 motions were untimely and must be dismissed. The trial court likewise dismissed the motions under CR 60.02 and CR 60.03, noting that those rules do not allow a defendant to circumvent the time limitations of a RCr 11.42 motion. This appeal followed.

## II.    Analysis

In Kentucky, the structure for attacking the final judgment of a trial court in a criminal case "is not haphazard and overlapping but is organized and complete." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The structure "is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. . . . [which] is for relief that is not available by direct appeal and not available under RCr 11.42." *Id.* In an RCr 11.42 proceeding, the movant must establish that he was deprived of some

5

substantial right that would justify the extraordinary relief afforded by the post-conviction proceeding. *Dorton v. Commonwealth,* 433 S.W.2d 117, 118 (Ky.1968).

Likewise, CR 60.02 is an extraordinary remedy and "[t]o justify relief, the movant must specifically present facts which render the original trial tantamount to none at all." *Foley v. Commonwealth,* 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation and citation omitted). To warrant reversal of a lower court's ruling on a CR 60.02 motion, the appellant must demonstrate some "flagrant miscarriage of justice." *Id.* at 886 (quoting *Gross,* 648 S.W.2d at 858). As noted by the United States Supreme Court in *Strickland v. Washington,* "[t]he presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." 466 U.S. 668, 697 (1984). With retroactivity being an issue that is purely a matter of law, we review the trial court's ruling *de novo. See Revenue Cabinet v. Hubbard,* 37 S.W.3d 717, 719 (Ky. 2000) (applying *de novo* standard of review to matters of law in cases in which no facts are in dispute).

The relevant portion of RCr 11.42(10) provides that a motion must be filed within three years after the judgment is final unless it presents new facts, or the fundamental constitutional right asserted was not established within the three-year period and has been held to apply retroactively. Appellants argue that *Ramos* announced a new constitutional right and urges us to apply its holding retroactively. Alternatively, they request relief under CR 60.02 on equitable grounds.

6

In *Leonard*, Kentucky adopted *Teague's* proscription against applying new federal constitutional rules of criminal procedure retroactively once a judgment is final on direct review. 279 S.W.3d at 160. The *Leonard* court reasoned, "*Teague's* proscription against applying new rules retroactively once a judgment has become final on direct review makes sense, given the interest in finality of judgments." *Id.* The Court noted this was especially so in cases that have been final for a significant amount of time. *Id.* Thus, "[u]nder *Teague*, once a conviction becomes final, that is, it has gone through the direct appeal process and been affirmed, the new rule is not applicable, even if the collateral attack is pending when, or has begun after, the new decision is rendered." *Id.* at 159. *See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied[]"). The *Teague* doctrine has been consistently and repeatedly applied in Kentucky jurisprudence. *See, e.g.*, *Phon v. Commonwealth*, 545 S.W.3d 284, 300-01 (Ky. 2018); *Commonwealth v. Lawson*, 454 S.W.3d 843, 846 (Ky. 2014); *Hallum v. Commonwealth*, 347 S.W.3d 55, 57 (Ky. 2011).

In *Edwards*, the Supreme Court expressly held that the rule announced in *Ramos* could not be applied retroactively to overturn final convictions on federal habeas corpus review. 141 S. Ct. at 1551. Citing *Teague*, the *Edwards* Court noted that "a decision announcing a new rule of criminal procedure

7

ordinarily does not apply retroactively on federal collateral review." *Id.* The *Edwards* court specified that the *Ramos* case "directly affected Louisiana and Oregon, which were the only two States that still allowed non-unanimous verdicts[,]" thereby solidifying that the *Ramos* jury-unanimity rule does not apply to any situation that does not involve the number of jurors required for a unanimous verdict. 141 S. Ct. at 1554.

Nonetheless, Appellants ask that we abandon state precedent relying on the federal habeas non-retroactivity doctrine because of the fundamental right at stake. They maintain that their constitutional right to a unanimous verdict was violated when they were convicted by a jury that was not unanimous as to the actus reus. In this vein, Appellants assert that sufficiency of the evidence and unanimity are independent constitutional rights.

However, unlike the Oregon and Louisiana unanimity issues presented in *Ramos*, "Kentucky has long required criminal convictions by a unanimous jury verdict." *Capstraw v. Commonwealth*, 641 S.W.3d 148, 158 (Ky. 2022). Indeed, over four decades ago, this Court held that "Section 7 of the Kentucky Constitution requires a unanimous verdict reached by a jury of twelve persons in all criminal cases." *Wells v. Commonwealth*, 561 S.W.2d 85, 87 (Ky. 1978). *See also* KRS 29A.280(3) ("A unanimous verdict is required in all criminal trials by jury"); RCr 9.82(1) ("The verdict shall be unanimous. It shall be returned by the jury in open court[]").

Furthermore, Kentucky law is clear that "jurors may reach a unanimous verdict even though they may not all agree upon the means or method by

8

which a defendant has committed the criminal act." *King v. Commonwealth*, 554 S.W.3d 343, 352 (Ky. 2018). Juror unanimity in this context "means that jurors must agree upon the specific instances of criminal behavior committed by the defendant but they need not agree upon his means or method of committing the act or causing the prohibited result." *Id.*

In *Capstraw*, this Court considered whether to apply *Ramos* retroactively to a claim of unanimity violation (combination murder instruction – wanton or intentional) and was "unconvinced that *Ramos* requires us to revisit our long-standing precedent." 641 S.W.3d at 158. The *Capstraw* court upheld the combination instruction and found no unanimous verdict issue "as long as the evidence was sufficient to support a combination instruction." *Id.* The rationale in *Capstraw* echoes the reasoning of this Court's ruling on the unanimity issue raised in Appellants' direct appeal and is consistent with Kentucky precedent. *See, e.g., Futrell v. Commonwealth*, 471 S.W.3d 258, 277 (Ky. 2015) (finding a combination principal-accomplice wanton murder instruction appropriate because the evidence supported both alternatives); *St. Clair v. Commonwealth*, 140 S.W.3d 510, 559 (Ky. 2004) (holding that murder instructions combining principal and accomplice liability was proper).

Here, noting its obligation to follow *Edwards* and *Leonard's* adoption of *Teague's* retroactivity principles, the trial court correctly denied relief under RCr 11.42(10). As for relief under CR 60.02, that rule "is not a separate avenue of appeal to be pursued in addition to other remedies but is available only to raise issues which cannot be raised in other proceedings." *McQueen v.*

9

*Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); *see also Gross*, 648 S.W.2d at 857 (holding the language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings). "A change in the law simply is not grounds for CR 60.02 relief except in aggravated cases where there are strong equities." *Leonard*, 279 S.W.3d at 161–62 (citation omitted).

To justify CR 60.02 relief, a movant bears the burden to "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen*, 948 S.W.2d at 416. Appellants' CR 60.02 motions are not only procedurally deficient, as they raise the same claim in their request for RCr 11.42 relief, but they have further failed to persuade us that the equities weigh in favor of using CR 60.02 to apply *Ramos's* holding to their cases. Thus, the trial court properly denied relief under this rule.

Lastly, as to CR 60.03, the trial court's order summarily denied relief under that rule as well. Notably, Appellants have not briefed this issue on appeal and therefore we consider it abandoned. That said, for purposes of clarity, any claim for relief under that rule would likewise be barred. CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). The plain language of that rule requires "an independent action" to be brought, with relief unavailable "if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02[.]" CR 60.03; *Jackson v. Commonwealth*, 640 S.W.3d 99, 103 (Ky.

10

App. 2022). Since Appellants did not bring an independent action seeking CR 60.03 relief, and we affirm the denial of CR 60.02 relief, they are prohibited from seeking CR 60.03 relief on this basis in the future.

In summary, Appellants' cases have received direct and collateral review at the state and federal levels, with the unanimity/combination instruction issue squarely addressed. Appellants' current attempt to vacate their convictions by arguing for retroactive application of *Ramos* is distorted, as the holding of *Ramos* simply does not apply to their claims. Moreover, Appellants have failed to persuade us that their cases warrant abandoning long-standing precedent concerning unanimity and combination instructions or justify renouncing this state's continued adherence to the *Teague* bar. We conclude that the trial court's denial of Appellants' post-conviction motions was correct as a matter of law and therefore affirm.

### III. Conclusion

For the foregoing reasons, the order of the Fayette Circuit Court is affirmed.

All sitting. VanMeter, C.J.; Conley, Keller, Lambert and Nickell, JJ., concur. Thompson, J., concurs in result only by separate opinion in which Bisig, J., joins.

THOMPSON, J., CONCURRING: While I agree with the majority opinion affirming the Fayette Circuit Court's denial of the appellants' postconviction motions, I write separately to clarify what I believe to be the appropriate focus for resolving these appeals. Two points are key: (1) *Ramos v. Louisiana*, 140 S.

11

Ct. 1390 (2020), does not apply to invalidate verdicts in which twelve jurors concluded the defendant was guilty of murder; and (2) there is no unanimity problem when a jury finds a defendant guilty of murder under an appropriate principal-accomplice combination instruction.

The appellants argue their jury verdicts were not unanimous because it is unknown whether each of the twelve jurors convicted them of murder as principals or accomplices. Their jury instructions were as follows:

> If you believe from the evidence beyond a reasonable doubt that the Defendant, [defendant's name], is guilty of either Murder under Instruction No. 2 or Complicity to Murder under Instruction No. 3, but are unable to determine from the evidence whether the Defendant committed this crime as Principal under Instruction No. 2 or Accomplice under Instruction No. 3, then you will find [defendant's name] guilty of Murder, Principal or Accomplice, under this Instruction and so state in your verdict.[4]

*Ramos* invalidates state convictions reached by ten jurors out of twelve on the basis that such does not constitute a unanimous jury verdict. 140 S. Ct. at 1397. While the opinion addresses unanimity generally, it does not reach the type of problem raised by the appellants. Therefore, there is no need to discuss whether *Ramos* applies retroactively or not, as it simply does not apply.

In Kentucky, "a general jury verdict based on an instruction including *two or more separate instances of a criminal offense*, whether explicitly stated in the instruction or based on the proof—violates the

---

[4] This was the exact wording for the instructions concerning Caudill and GoForth, and very close to the wording for the instructions regarding Halvorsen.

requirement of a unanimous verdict." *Johnson v. Commonwealth*, 405 S.W.3d 439, 449 (Ky. 2013) (emphasis added). However, such a situation is not to be confused with one instance of a criminal offense which may have been committed directly, through being the actor who physically did it, or indirectly as an accomplice.

As explained in as explained in *King v. Commonwealth*, 554 S.W.3d 343, 352 (Ky. 2018):

> This court recognizes and has consistently maintained that the jurors may reach a unanimous verdict even though they may not all agree upon the means or method by which a defendant has committed the criminal act. *Conrad v. Commonwealth*, 534 S.W.3d 779, 784 (Ky. 2017) (quoting *Miller v. Commonwealth*, 77 S.W.3d 566, 574 (Ky. 2002) ) (A "conviction of the same offense under either of two alternative theories does not deprive a defendant of his right to a unanimous verdict if there is evidence to support a conviction under either theory."). Nor is the jury required to agree upon the defendant's mental state in cases where alternative mental states authorize conviction for the same criminal act. *Wells v. Commonwealth*, 561 S.W.2d 85, 88 (Ky. 1978) ("We hold that a verdict cannot be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense."). Neither *Harp, Johnson,* nor their progeny changes that.

> However, we have also held consistently with virtually every other American jurisdiction to address the matter, that juror unanimity means that jurors must agree upon the specific instance of criminal behavior committed by the defendant but they need not agree upon his means or method of committing the act or causing the prohibited result.

The fact that either Caudill or GoForth may have bludgeoned the victim to death, with each of them "accus[ing] the other of murdering and robbing the victim and of setting fire to the automobile[,]" *Caudill v. Commonwealth*, 120 S.W.3d 635, 648 (Ky. 2003), does not mean that they are not each guilty of

13

murder under KRS 507.020, whether as a principal or as an accomplice pursuant to KRS 502.020, for this single act. Similarly, where the evidence indicated that Halvorson and his co-defendant both shot the victims, rendering lethal wounds and "it was impossible to determine that either appellant was only a principal or only an accomplice[,]" the Court correctly determined, citing *Wells*, that "[a] verdict cannot be attacked as being non-unanimous where both theories are supported by sufficient evidence." *Halvorsen v. Commonwealth*, 730 S.W.2d 921, 925 (Ky. 1986). Accordingly, there is no unanimity problem and affirmance of the denial of the appellants' postconviction actions was appropriate.

Bisig, J., joins.

COUNSEL FOR APPELLANTS,
LEIF HALVORSEN AND
JOHNATHAN WAYNE GOFORTH:

David Michael Barron
Assistant Public Advocate

COUNSEL FOR APPELLANT.
VIRGINA SUSAN CAUDILL:

J. Robert Linneman
Santen & Hughes

Dennis James Burke
Assistant Public Advocate

Kathleen Kallaher Schmidt
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General