RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0361-MR

SABRINA ADKINS                                                APPELLANT

                         APPEAL FROM LETCHER CIRCUIT COURT
v.                   HONORABLE JAMES W. CRAFT, II, JUDGE
                           ACTION NO. 21-CR-00007

COMMONWEALTH OF KENTUCKY                     APPELLEE

AND

NO. 2023-CA-0363-MR

SABRINA ADKINS                                                APPELLANT

                         APPEAL FROM LETCHER CIRCUIT COURT
v.                   HONORABLE JAMES W. CRAFT, II, JUDGE
                           ACTION NO. 21-CR-00008

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Sabrina Adkins brings these belated appeals from a February 3, 2023, order of the Letcher Circuit Court determining that Adkins violated her probation conditions and extending her probation for a period of five years.[1] We affirm Appeal No. 2023-CA-0361-MR and Appeal No. 2023-CA-0363-MR.

In Action No. 21-CR-00007, Adkins was indicted by the Letcher County Grand Jury upon the offenses of first-degree possession of a controlled substance, third-degree possession of a controlled substance, possession of drug paraphernalia, and public intoxication. At the same time, in Action No. 21-CR-00008, Adkins was indicted by the Letcher County Grand Jury upon the offenses of first-degree bail jumping and with being a persistent felony offender in the first degree. Pursuant to plea agreements with the Commonwealth, Adkins pleaded guilty to first-degree possession of a controlled substance and third-degree possession of a controlled substance in Action No. 21-CR-00007. She also pleaded guilty to first-degree bail jumping in Action No. 21-CR-00008. The remaining charges were dismissed. By judgment entered June 23, 2022, Adkins was sentenced to two-years' imprisonment probated for two years in Action No.

---

[1] Although the above-styled appeals were untimely filed, this Court granted Sabrina Adkins' motions for belated appeal by Order entered January 30, 2024.

-2-

21-CR-00007, and by judgment entered June 23, 2022, Adkins was sentenced to one-year imprisonment probated for one year in Action No. 21-CR-00008.

Some eight months later, on December 21, 2022, the Commonwealth filed a motion to revoke Adkins' probation in Action No. 21-CR-00007 and Action No. 21-CR-00008. The Commonwealth alleged that Adkins had violated the conditions of her probation. On February 3, 2023, following an evidentiary hearing, the circuit court entered an Order Extending Probation in Action No. 21-CR-00007 and Action No. 21-CR-00008. Therein, the circuit court did not revoke Adkins' probation but extended the probationary period for five years:

> Defendant having waived any limits on the length of probation, including statutory limits of Five (5) years, and having agreed to his/her probation being extended, his/her probation is extended **5** years and **0** months from today's date[.]

February 3, 2023, order at 1.

Thereafter, Adkins filed a notice of appeal on March 30, 2023, from the February 3, 2023, order. The Court of Appeals ordered Adkins to show cause why the appeal should not be dismissed as untimely. In response, Adkins filed a response and motion for belated appeal. By Order entered October 25, 2023, this Court remanded the matter to the circuit court for an evidentiary hearing to determine whether Adkins implicitly or explicitly waived the right to appeal. After the circuit court conducted an evidentiary hearing and found that Adkins did not

waive her right to appeal, the Court of Appeals granted the motion for belated appeal. These appeals follow.

Adkins contends that the circuit court erroneously extended her probation for a term of five years in the February 3, 2023, order involving both actions. Adkins points out that her original two-year-term of probation started on June 23, 2022, and that the circuit court extended her probation for a term of five years on February 3, 2023. Adkins argues that Kentucky Revised Statutes (KRS) 533.020(4) provides that the maximum period of probation shall be five years. Adkins acknowledges that a defendant may waive the maximum five-year probationary period only if the waiver was knowing and voluntary; however, Adkins maintains that the record does not disclose that she knowingly or voluntarily waived the maximum five-year probationary period:

> The revocation process in Ms. Adkins' case failed to ensure a knowing and intelligent extension and waiver of the term of her probation. Ms. Adkins did not affirmatively state she was extending the term of her probation and waiving the five year limit. The only thing she affirmatively acknowledged was her understanding that this was her last chance. The Judge did not explicitly state the extension and waiver in the Court's summary of the agreement. The written record does not contain an agreement or waiver signed by Ms. Adkins, her attorney, or the prosecutor. The Order Extending Probation is signed by the Judge only. Its finding that Ms. Adkins "waived any limits on the length of probation, including statutory limits of Five (5) years, and having agreed to his/her probation being extended" is not supported by the record.

-4-

Adkins' Brief at 7 (citations and footnote omitted). Adkins admits that this issue is not preserved for our review and requests that review proceed under Kentucky Rules of Criminal Procedure (RCr) 10.26.

Under RCr 10.26, an unpreserved error that affects the substantial rights of a defendant may be considered by the court and relief may be granted if manifest injustice has occurred as a result of the error. Manifest injustice occurs when the "error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Conrad v. Commonwealth*, 534 S.W.3d 779, 783 (Ky. 2017) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)).

However, as pointed out by the Commonwealth, Adkins' probation was revoked by order entered March 29, 2024, in both actions, and Adkins was ordered to serve her sentences of imprisonment. The Commonwealth also notes that Adkins was paroled in both cases on August 2, 2024, thus rendering the instant appeal moot. We agree. While we also agree that the circuit court did err by extending Adkins' probation in its February 3, 2023, order, beyond the maximum five-year period, there was no prejudicial effect upon Adkins as Adkins was subsequently imprisoned and paroled. Based upon the unique circumstances of this case, we conclude that Adkins failed to demonstrate that her substantial rights were affected resulting in manifest injustice. Any error was harmless, not palpable

error.  *See Conrad*, 534 S.W.3d at 783.

For the foregoing reasons, the order of the Letcher Circuit Court is affirmed in both appeals.

ALL CONCUR.

BRIEF FOR APPELLANT:

Samuel N. Potter
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky